REPUBLICAN VALLEY R. Co. v. LOUIS FINK.

[FILED DECEMBER 31, 1889.]

1. **Jurisdiction**: EMINENT DOMAIN: TRESPASS.   In an action of trespass against a railway company for building a railroad over the plaintiff's land without condemning a right of way the railway company, among other things, pleaded as a defense the previous condemnation of the right of way, and the right to use the same.   *Held*, That the issues made by the pleadings raised the question of title to said land, and the action was properly brought in the district court.

2. **Costs.**   Where a judgment is reversed in the supreme court and remanded, the plaintiff in error is entitled to recover his costs which accrue in said court.

ERROR to the district court for Gage county.   Tried below before BROADY, J.

*Marquett & Deweese, (Hazlett & Bates* with them), for plaintiff in error:

The amount claimed below being $75, was within the jurisdiction of the justice. (Code, secs. 906, 1103.)   Hence, plaintiff below could not recover costs. (Code, sec. 621; *Beach v. Cramer*, 5 Neb., 98; *Ray v. Mason*, 6 Id., 101; *Moore v. Darrow*, 11 Id., 462; *Rosenbaum v. Dunston*, 16 Id., 111; *Wilde v. Boldt*, Id., 539.)   Statutes providing for costs must be strictly construed. (1 Bouvier, Law Dic., 370; *Stanton County v. Madison County*, 10 Neb., 308.)

*Pemberton & Bush, contra:*

The matter of costs was finally adjudicated by the decision of the district judge that the railroad company should pay them, and this order could not be modified at a subsequent term, except for reasons mentioned in sec. 602 of Code.

(*Shepherd v. Rand*, 48 Me., 244; *Rogers v. Gosnell*, 51
Mo., 468; *Wright v. Sweet*, 10 Neb., 192; *Rogers v. Russell*, 11 Id., 362; *Penn. v. Bridge Co.*, 18 How. [U. S.],
460.) It is the amount demanded, not that recovered, which
furnishes the test of the jurisdiction of the justice. (*Norton v. Hart*, 1 Ohio, 154; *Hancock v. Barton*, 1 S. & R.
[Pa.], 269; *Wilson v. Daniel*, 3 Dall [U. S.], 401; Code,
sec. 906.) In this case the amount demanded exceeded
$200.

MAXWELL, J.

In 1880 the plaintiff was constructing a railroad from
the town of Wymore westwardly, and located its line over
a portion of the defendant's land. The defendant was a
non-resident of the state, and the plaintiff, without taking
the necessary steps to condemn the defendant's land by
failing to publish the proper notice, built its road across
the same. The defendant thereupon brought an action of
trespass, and recovered judgment. Both parties in that
action seem to have proved the damages for the appropriation of the right of way.

The case was brought into this court and reversed for
various reasons, among others that the statutory mode of
condemning the right of way was exclusive. (*R. V. R. R.
Co. v. Fink*, 18 Neb., 82.)

The cause was then remanded to the district court, where
a second trial was had for the trespass alone, which resulted
in a verdict of $75, upon which judgment was rendered.
Proceedings were also had to condemn the right of way,
and that question seems to have been adjudicated, and is
not in this case.

The court on rendering judgment in the trespass case
also rendered judgment against the railroad company for
all the costs in the case, including those in the supreme
court.

The only question before us now is the correctness of the ruling of the district court in awarding the costs. To determine this matter it will be necessary to consider the pleadings in the case. The petition is as follows:

"Louis Fink, plaintiff in the above entitled action, complains of the defendant, and for cause of action says: That heretofore, to-wit, at the time hereinafter mentioned the defendant was, and still is, a corporation duly organized under the laws of the state of Nebraska, and that before and at the time of committing the injury hereinafter complained of the plaintiff was the owner and was possessed of the following described real estate, to-wit: The southeast quarter of section 25, township 2 north, of range 6 east of 6th P. M., lying in the county of Gage, state of Nebraska; that the defendant, during the years A. D. 1880, 1881, and 1882 did unlawfully, and with force and arms, break, enter, occupy, and ever since has occupied, a portion of the close of the said plaintiff, and then and there built and laid their line of railroad, which they have ever since operated, thereby converting to their own use $4\frac{11}{100}$ acres of land out of the southeast corner of the aforesaid described piece or parcel of land, whereby the plaintiff for and during all that time lost and was deprived of the use and benefit of said $4\frac{11}{100}$ acres of land. All of which is to the damage of the plaintiff in the sum of $1,000."

A supplemental petition was also filed as follows:

"The plaintiff alleges that since the filing of the former petition in the action, to which this is supplemental, the said defendant has wrongfully and unlawfully continued, and still continues, the several acts of trespass charged against it in the former petition on the lands and premises of the plaintiff and described in said petition. Whereby the plaintiff during all of which time lost and was deprived of the beneficial use of said premises, to the damage of plaintiff in the sum of $1,000. Wherefore the said plaintiff prays judgment against the said defendant for the said

sum of $1,000, in addition to the amount prayed for in the former petition, together with costs of suit."

To these petitions the plaintiff filed the following answer: .

"Now comes the defendant, and by leave of court makes the following amended answer to the amended petition filed by the plaintiff.

"The defendant says that whether the plaintiff is the owner of the southeast quarter of section 25, township 2 north, of range 6 east of 6th P. M., in Gage county, the defendant has not knowledge or information sufficient to form a belief, and therefore denies the same; that defendant says that about the month of ———, 1880, the defendant company located and constructed a line of railroad over and across the southeast corner of the southeast quarter of the southeast quarter of section 25, township 2, range 6 east, in Gage county, and the said line of road has been maintained and operated ever since it was constructed; that prior to the construction of said line of road over the said land, the defendant endeavored to agree with the plaintiff upon the amount of damages that should be paid to him for the right of way over and across the said line, for the location and construction of its line of railroad, and endeavored to procure from the said plaintiff a right of way deed for said purpose; but that the plaintiff and defendant failed to agree upon the amount of damages to be paid for said right of way; that the defendant thereupon, and prior to the location and construction of the said line of road, proceeded to have the right of way condemned over and across the said lands, as provided by statute, and the damages which the plaintiff would and did sustain, by reason of said location and construction, and the right of way duly ascertained and awarded by commissioners duly appointed by the county judge of said county; that the plaintiff was duly notified of these proceedings, as provided by law, and the commissioners then appointed made a

report of their proceedings in this matter, and filed the same with the county judge, awarding to the plaintiff the sum of $75, and that said amount thus awarded to him was duly deposited with the county judge of said county for the plaintiff, as provided by law, on the 20th day of May, 1881, and which, if not withdrawn by the plaintiff, still remains on deposit for him.

"Further answering the said petition the defendant says that the plaintiff ignored the condemnation proceedings that had been had for the right of way over his said land, and claimed that the same were illegal; and the defendant, hoping to settle all controversy on that point, did, on the 10th day of March, 1886, serve the plaintiff personally with a new notice of condemnation proceedings for the right of way over said land, and the said company made application to the county judge for the appointment of a commission as provided by law, and such commission was appointed by said judge, and which commission proceeded, on the 24th day of March, 1886, to examine the plaintiff's premises and the crossing of the same by the line of railroad, and after duly viewing the same they awarded damages to the plaintiff in the sum of $152.78 including interest at the rate of seven per cent per annum from the time of the taking and appropriation of said right of way by the railroad company; that said amount thus awarded was duly deposited with the county judge of said county, for the use of the plaintiff, on the 24th day of March, 1886, and unless withdrawn by the plaintiff the same remains in deposit for him.

"The defendant therefore says that the plaintiff has no cause of action against the defendant; and the defendant denies each and every allegation contained in the plaintiff's petition, except as hereinbefore admitted or modified.

"SECOND DEFENSE.

"As a second defense of the plaintiff's cause of action the defendant says that prior to, and at the time of the lo-

cation and construction of its line of road over the said land, the plaintiff's son, Louis H. Fink, resided thereon, and the plaintiff was present on said premises, making his home, while in this city, with his said son, and efforts were made to agree with the plaintiff for the right of way across the same; and while the plaintiff and defendant disagreed as to the amount of damages that should be paid, the plaintiff interposed no obstacle in the way of the construction of said line of road, and made no objection to the construction of the same, but simply objected to the amount of damages that the defendant was willing to pay. The plaintiff frequently conferred with the railroad company in regard to settling his claim for damages, but never at any time objected to the occupancy of said right of way by the railroad company in the construction of said line of road.

"The defendant therefore avers that the plaintiff is estopped from bringing and maintaining this action for damages in trespass by reason of the facts above set forth; that he has no cause of action against the defendant, and the court has no jurisdiction to try and determine the damages claimed by the plaintiff."

It will be observed that the plaintiff puts in issue the defendant's right to the land condemned for right of way. In other words, the question of title to real estate was involved under the issue made in the pleadings.

A condemnation of the right of way was pleaded, which, if legal, would wholly defeat the action.

The validity of this condemnation could not be determined by a justice of the peace, and necessarily the action must be brought in the district court, and therefore a justice of the peace had not jurisdiction of the case.

The plaintiff, however, was entitled to recover its costs in this court on the reversal of the judgment in its favor, and to that extent the judgment of the court below will be modified.

JUDGMENT ACCORDINGLY.

THE other judges concur.