CENTRAL NEBRASKA NATIONAL BANK ET AL., APPELLANTS, V. W. H. CLINE ET AL., APPELLEES.

51  63|
57 441|

FILED MARCH 17, 1897. No. 7151.

Review: CONFLICTING EVIDENCE. A judgment will not be reversed when, on appeal, there is presented only a question of fact determined by the district court on consideration of fairly conflicting evidence.

APPEAL from the district court of Custer county. Heard below before NEVILLE, J. *Affirmed.*

*F. B. Tiffany* and *D. M. Vinsonhaler,* for appelants.

*J. S. Kirkpatrick, contra.*

RYAN, C.

The Tarrytown National Bank claims its right under the Central Nebraska National Bank, so that only the contentions of the latter need receive attention. This action in the district court of Custer county was brought by the bank last above named for the enforcement of a lien against lot 16, block 97, Railroad Addition to the town of Broken Bow. Originally this lot was owned by the Lincoln Land Company, whose agent at Broken Bow was the firm of Collman & Inman. W. H. Cline purchased this lot and a deed accordingly was sent to Collman & Inman by the Lincoln Land Company to be deliv-

ered to Cline. Collman & Inman, as a firm, was engaged in the business of banking at Broken Bow. W. H. Cline was largely indebted to this firm for moneys loaned, in part, to improve the aforesaid lot 16. The banking firm was afterward succeeded by the Central Nebraska National Bank, and the indebtedness of Mr. Cline thereby became an indebtedness owing this national bank. The sole question presented by this appeal is whether or not the deed of lot 16 aforesaid was, by agreement between Collman & Inman and W. H. Cline, to be held as security for the indebtedness owing said firm by Cline. The judgment of the district court was adverse to the national bank's claim through Collman & Inman, and, impliedly therefrom, there must be assumed a corresponding finding upon the question above indicated, as one of fact. There was sharply conflicting evidence upon this fact proposition, and we must therefore assume, conclusively, that there was no agreement by Cline that his deed should be held as security. Whether such an agreement would be enforced in this state if established by proof we are not called upon to determine. The judgment of the district court is

AFFIRMED.