FRANCIS G. HAMER ET AL. V. McKINLEY-LANNING LOAN
& TRUST COMPANY.

FILED MAY 5, 1897. No. 7270.

1. **Judgment Nunc Pro Tunc.** If a judgment in fact was rendered and not recorded, the court at any time afterward, in a proper proceeding and upon a proper showing, is invested with the power to render such judgment *nunc pro tunc.*

2. **Conflicting Evidence: REVIEW.** A finding of fact will not be disturbed when in the trial court it was reached upon consideration of fairly conflicting evidence.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J. *Affirmed.*

*Francis G. Hamer,* for plaintiffs in error.

*Gaslin & Hallowell, contra.*

RYAN, C.

This action was brought by the defendant in error in the district court of Buffalo county for the foreclosure of a mortgage. To vacate a decree rendered *nunc pro tunc* two of the plaintiffs in error, Francis G. Hamer and the Nebraska Land, Stock Growing & Investment Company, have prosecuted error proceedings in this court.

As shown by the affidavit of Mr. Hamer, the aforesaid district court, in its trial docket, on March 9, 1893, made the following entry: "March 9, 1893. Default First National Bank of Broken Bow, Nebraska; Kelly, Maus & Co.; W. H. Lanning; W. H. Lanning, trustee; Thomas Frahm; William H. Carnahan; First National Bank of Kearney, Nebraska. Dismissed as to First National Bank of Poultney, Vermont; First National Bank of Minden, Nebraska; Continental National Bank of Chicago, Illinois; Merchants National Bank of Omaha, Nebraska; Rule Brokerage Company, Chicago; Chicago Lumber

Company, of Ravenna, Nebraska.    Leave given Charles O. Norton, C. E. Bates, H. I. Forsythe, W. H. Hunt, and A. G. Galentine to file cross-petition instanter.    Due plaintiff from Francis G. Hamer, $5,649.40.    Interest, ten per cent from February 14, 1893."    The above entries were made by the Honorable Silas A. Holcomb, judge of the district in which this cause was pending.

In the affidavit of William Gaslin, one of the attorneys for the defendant in error, which was introduced in evidence, there was this language: "On the 9th day of March, 1893, it was agreed and stipulated by the said Hamer and this affiant and his partner, Gid. E. Newman, one Ballard, the agent of plaintiff present assenting thereto, that the said Ballard might give his evidence and the court find the amount due, and the other findings in the case, and final decree should be taken on said findings at the June, 1893, term of this court.    Affiant further says that on the 29th day of June, 1893, this cause came up in open court with two other cases wherein this plaintiff was plaintiff, against said Hamer and others, and decree was taken and announced by the court on its findings in this case, which does not appear on the findings of this court.    Affiant further deposes and says that a stay was filed in said case by the defendants on July 19, 1893."    A copy of this request for a stay was embodied in said affidavit and, omitting the merely formal parts, was as follows: "Now comes the defendants, Francis G. Hamer, Rebecca A. Hamer, and the Nebraska Land, Stock Growing & Investment Company, and request a stay of the order of sale for the period of nine months.    F. G. Hamer, attorney for the defendants."    On the 24th day of March, 1894, there was filed a motion for a decree *nunc pro tunc* as of date June 29, 1893.    It is asserted in argument that this motion was passed upon by the court wherein Judge William Neville was presiding.    Unfortunately there was no proof of this fact, for the clerk omitted to show by whom the judgments were rendered.    The motion was sustained upon

consideration of conflicting evidence as to whether or not a decree was announced on June 29, 1893, and under these circumstances we are bound to assume that there was the announcement indicated. This being true it was proper that a *nunc pro tunc* order should be entered as was done in this case. (*Wachsmuth v. Orient Ins. Co.*, 49 Neb., 590; *Van Etten v. Test*, 49 Neb., 725.)

We have referred to the filing of the request for a stay as tending to indicate that Mr. Hamer understood that a decree was actually rendered on June 29, 1893. He, by affidavit, denied that he knowingly filed this request, and insisted that the filing of a request for a stay in this particular case was accidental. These matters were doubtless duly considered by the trial court, and the importance attached to them we have no means of ascertaining, much less have we the power to correct any undue weight imputed to the filing of this request, if any such there was. The order that a decree be entered as prayed was made on March 24, 1894, and on the same day a motion was made to set aside this decree. In this motion there were set up all the grounds now urged, and these were considered upon conflicting evidence by the court, Judge Holcomb presiding, and this motion was overruled. Under these circumstances the decree must be sustained, and, accordingly, the judgment of the district court is

AFFIRMED.