NATIONAL MASONIC ACCIDENT ASSOCIATION V. GEORGE F. BURR.

FILED JANUARY 19, 1899.   No. 8647.

1. Letters: PRESUMPTION OF DELIVERY. A letter duly addressed, stamped, and mailed is presumed to have reached the addressee in the usual course of the mails.

2. ———: ———: EVIDENCE. This presumption is not conclusive, but may be overcome by proper evidence showing that the sendee did not receive the letter.

3. ———: DELIVERY: QUESTION OF FACT. Whether a letter mailed, with the postage thereon prepaid, reached its destination in the usual course of the mails is a question of fact to be determined from all the evidence adduced.

4. Conflicting Evidence: REVIEW. A finding and judgment based upon conflicting evidence will not be disturbed on review unless manifestly wrong.

5. Assignment of Error: MOTION FOR NEW TRIAL. An assignment in a petition in error that there was error in overruling the motion for a new trial is unavailing where such motion is based on more than one ground.

6. Trial to Court: ERRONEOUS ADMISSION OF EVIDENCE: REVIEW. A judgment will not be reversed merely for the admission of incompetent or irrelevant evidence in a cause tried to a court without a jury.

7. Costs in Appellate Court: COSTS BELOW. Where, in an error proceeding, a judgment of reversal is entered in this court, the plaintiff in error is entitled to recover his costs made in said court from the defeated party. Those which accrued in the district court abide the final determination of the cause.

ERROR from the district court of York county. Tried below before BATES, J.   Affirmed.

*Merton Meeker* and *O. B. Ayres,* for plaintiff in error.

*F. C. Power* and *George B. France, contra.*

NORVAL, J.

This is the second appearance of the case before the court. The judgment of the district court therein was reversed on the former hearing. (*National Masonic Accident Ass'n v. Burr,* 44 Neb. 256.) On a new trial in the court below the plaintiff again obtained a judgment, which the defendant by this proceeding seeks to reverse. A full statement of the facts need not be now given, as they may be found in the former report of the case. Suffice it to say that the action was upon a certificate of membership issued by the defendant association to Burr, indemnifying him against damage resulting from accidents. The defense interposed was that the certificate was not in force at the time the injury was received, for the reason plaintiff was then in default in the payment of a certain assessment of $3 due and payable in accordance with the terms of the certificate and the by-laws of the association. The by-laws provided, substantially, that it was the duty of each member, on the receipt of notice of an assessment, to pay the amount thereof on or before the time of maturity to the secretary of the association at his office in Des Moines, Iowa, and in the event of the failure so to do the certificate should cease to be of any force until revived by payment thereof. The association made an assessment of $3 upon each member, maturing April 1, 1891, of which fact Burr was duly notified. He received the injury which is the basis of the action not earlier than noon on the 27th day of said month. Plaintiff asserted on the former trial in the court below, and introduced evidence therein conducing to show, that the assessment was duly paid prior to the accident, while the association introduced evidence to establish that the amount was not received by it until subsequent to the

injury. It was the failure to submit this disputed issue to the jury which wrought the reversal of the first judgment. On the retrial evidence was introduced by the respective parties covering this question, and the finding of the court thereon is now assailed as being unsupported by the evidence. In fact this is the principal ground relied upon by counsel for defendant below for securing a reversal. Burr testified positively that he remitted the amount of his assessment by check inclosed in a letter properly addressed to the secretary of the association, with the postage thereon prepaid, and deposited in the post office at York on April 25, the Saturday preceding the injury, and he is to some extent corroborated by the testimony of Dr. J. B. Conway and John Huffman, who stated under oath that they were present on that date and saw Mr. Burr prepare the remittance in question. That the check was subsequently received by Mr. Wingate, the secretary of the association, and accepted by him as payment, is an admitted fact; but the testimony of Mr. Wingate and Miss Ella Frame is relied upon to show, and each so testified, that it was not received at the office of the defendant in Des Moines before the morning of April 29, which was subsequent to the accident. Not only by the testimony of disinterested witnesses, but by admissions contained in letters written by the secretary of the asssociation, it was established beyond controversy that a letter deposited in the post office at York, this state, on a Saturday evening, or a Sunday morning, properly addressed to a person in Des Moines, Iowa, would, by the usual and ordinary course of mail, reach its destination on the same Sunday evening or not later than the following Monday morning at 8:30. The rule is that a letter addressed, stamped, and mailed is presumed to have reached the addressee in the usual course of the mails. (*Melby v. Osborne*, 33 Minn. 492; *McDermott v. Jackson*, 72 N. W. Rep. [Wis.] 375; *Perry v. German-American Bank*, 53 Neb. 89; *Oregon Steamship Co. v. Otis*, 100 N. Y. 446; *Stockton Combined Harvester & Agricultural*.

*Works v. Houser*, 109 Cal. 1; *Ripley Nat. Bank v. Latimer*, 64 Mo. App. 321; *Gaar v. Stark*, 36 S. W. Rep. [Tenn.] 149; *East Texas Fire Ins. Co. v. Perky*, 35 S. W. Rep. [Tex.] 1050.) This presumption, however, is not conclusive, but may be overthrown by proper evidence showing that the sendee did not so receive the letter. It is argued that the proofs adduced upon behalf of the defendant were ample to rebut the *prima facie* case made out by the plaintiff. We cannot so determine as a matter of law. It was a question of fact for the trial court to decide whether Burr's remittance arrived at the office of the secretary of the association in time to revive or reinstate the certificate prior to the happening of the injury. It has been held that testimony positively denying the receipt of a written demand shown to have been properly mailed, stamped, and addressed does not overcome the presumption of law that it was received, but presents a question of fact for the jury. (*Moran v. Abbott*, 50 N. Y. Supp. 337. See *London Assurance Corporation v. Russell*, 1 Pa. Super. Ct. 320; *Kingsland v. Newman*, 36 N. Y. Supp. 960; *Ashley Wire Co. v. Illinois Steel Co.*, 164 Ill. 149.) The trial court was justified in holding that Burr's assessment was remitted to, and received by, the defendant prior to the injury. It is true Wingate and Miss Frame testified positively that the letter inclosing the check did not reach Des Moines until April 29, yet plaintiff introduced in evidence a receipt signed by this same Wingate, bearing date April 28, acknowledging the payment of the assessment in question, and there was likewise introduced a letter written by Wingate to Burr under date of December 30, 1891, in which it was stated with reference to the payment of said assessment: "Your check was received at this office on the morning of April 28." These statements do not harmonize with the testimony given by Wingate when upon the witness stand, and it was for the trial judge to determine from a consideration of the entire evidence whether the explanation given by him and Miss Frame relating to said

matter was reasonable, and whether they had or had not truthfully testified. If the court regarded their testimony as unreliable, which evidently it did, then the plaintiff was entitled to recover. A finding for either party would not be without evidence to support it. A judgment based upon conflicting evidence will not be set aside as lacking support in the proofs solely because the reviewing court might have reached a different conclusion. (*Central Neb. Nat. Bank v. Cline,* 51 Neb. 63; *McGinnis v. Kyd,* 51 Neb. 282; *Hamer v. McKinley,* 51 Neb. 496; *South Park Improvement Co. v. Baker,* 51 Neb. 392.)

The assignment in the petition in error that the court erred in overruling the motion for a new trial is unavailing, since said motion was based upon ten distinct grounds. (*Glaze v. Parcel,* 40 Neb. 732; *Stein v. Vannice,* 44 Neb. 132; *Wax v. State,* 43 Neb. 19; *McCord Brady Co. v. Hamel,* 52 Neb. 286.)

Error is assigned for the overruling of defendant's objection to questions propounded by plaintiff to the witness Conway. This assignment is not well taken, for the reason that the cause was tried to the court without the assistance of a jury. (*Sharmer v. McIntosh,* 43 Neb. 509; *Stabler v. Gund,* 35 Neb. 648; *Whipple v. Fowler,* 41 Neb. 675; *Tolerton v. McClure,* 45 Neb. 368; *Stover v. Hough,* 47 Neb. 789.)

The defendants filed a motion in the court below to tax against plaintiff all the costs made therein on the first trial, on the ground that the judgment had been reversed by this court, which motion was denied, and the ruling thereon is presented for review. No statute or decision is cited to show that the ruling was erroneous. Section 595 of the Code of Civil Procedure declares: "When a judgment or final order is reversed, the plaintiff in error shall recover his costs, and when reversed in part, and affirmed in part, costs shall be equally divided between the parties." Section 620 of the same Code provides as follows: "Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the

plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property." Under the last section quoted, were it not for the provisions of section 595, plaintiff below would be entitled to his costs in the case in both courts. But the two sections must be considered together, and when thus construed, it is obvious that the association should recover its costs made in this court on the former hearing. (*Republican Valley R. Co. v. Fink*, 28 Neb. 397.) But it was not entitled to costs which accrued in the district court prior to the rendition herein of the judgment of reversal. The association was awarded its costs made on the first hearing in this court, while plaintiff's costs in the court below were properly taxed against the defendant. No reversible error appearing on the record the judgment is

AFFIRMED.