## Wynn *v.* The State.

### *Violating Prohibition Law.*

(Decided June 18, 1914.   Rehearing denied June 30, 1914.
65 South. 687.)

*Intoxicating Liquors; Wrongful Possession; Prima Facie Evidence; Rebuttal.*—Under sections 4 and 5, Acts 1909, p. 64, where the state proved that defendant kept whisky in his blacksmith shop and delivered a bottle thereof in the shop to another person, there was prima facie evidence of a wrongful sale and keeping which could not be nullified by rebutting evidence, as a matter of law.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Henderson Wynn was convicted of violating the prohibition law, and he appeals. Affirmed.

C. S. McDOWELL, JR., for appellant.   Counsel insists that although the act shown was prima facie evidence of a wrongful keeping and sale, that the evidence of defendant and of the person getting the whisky nullified as a matter of law the prima facie presumption, and defendant was entitled to the affirmative charge.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General for the State. Under the evidence the court properly submitted the question of defendant's guilt to the jury for its determination.—16 Cyc. 1070, and cases cited.

PELHAM, J.—The evidence afforded an inference for a finding by the jury that the defendant was making a sale or other unlawful disposition of the bottle of whisky at the time he delivered it to the man Columbus Martin, and also that the defendant kept this whisky in a building not used exclusively as a dwelling, for an illegal purpose. The evidence shows that the delivery of the whisky to Martin by the defendant was made from the defendant's blacksmith shop. Such a delivery is made prima facie evidence of a sale or other unlawful disposition. Act approved August 25, 1909 (Acts 1909, pp. 63, 64) § 5. It was also shown by one phase of the evidence that the defendant had stored or kept the whisky in his blacksmith shop. Keeping prohibited liquor in such a place is made prima facie evidence that it is kept for sale or with the intent to sell contrary to law.—Acts 1909, p. 64, § 4.

The charges requested by the defendant were properly refused, as it was open to the jury, under the statutory provisions declaring what shall be prima facie evidence in such a case, to find the defendant guilty of the charge preferred on either the theory that he made an unlawful disposition of the prohibited liquor, or that he kept it for an illegal purpose.

It is contended that, because of the positive nature of the evidence offered by the defendant in rebuttal of the evidence made prima facie sufficient to support a verdict of guilty, the defendant was entitled to have given the general charge requested in his behalf. The

statutes cited in the first paragraph of this opinion make the proof of certain facts evidence of certain other facts—not conclusive evidence, but prima facie, which is sufficient to authorize a conviction unless overcome by counter or contradicting evidence. The rebutting evidence does not destroy or nullify the presumption arising out of the proven facts, and itself made an evidential fact for consideration by the jury, but leaves the question for the determination of the jury under all of the circumstances.—16 Cyc. p. 1070; *Marston v. Bigelow,* 150 Mass. 45, 22 N. E. 71, 5 L. R. A. 43; *National Mason Acc. Ass'n v. Burr,* 57 Neb. 437, 77 N. W. 1098. And on the same principle that it has been held by the Supreme Court of this state that the presumption of innocence in a criminal case is to be regarded as a matter of evidence to the benefit of which the accused is entitled, and that it attends him throughout his trial as a matter of evidence, until his guilt is established under the rules of evidence. And so, it is likewise held, that the explanations of innocence of a defendant found in possession of property recently stolen does not destroy or annul the presumption of guilt he seeks to rebut by the explanation, but that it presents a question for the consideration of the jury.—*Bryant v. State,* 116 Ala. 445, 23 South. 40.

Affirmed.