# Mulligan *v.* The State.

### Violating Prohibition Law.

(Decided June 30, 1916.   Rehearing denied August 7, 1916.
72 South. 761.)

1. **Appeal and Error; Review; Finding by the Court.**—Where the trial is had by the court without the intervention of the jury, and the testimony is given ore tenus, the findings of the court on the facts will not be disturbed on appeal, unless plainly contrary to the weight of the evidence and this is true although the act creating the court provides that on appeal such judgment must be reviewed without any presumption in favor of the finding of the trial court.

2. **Intoxicating Liquors; Penalty; Statute.**—Where a conviction is had for violating the provisions of Acts 1909, p. 8, the penalty therefor is prescribed by § 3 of that act, and authorizes the court, in addition to the fine assessed, to add imprisonment in the county jail, or confinement to hard labor for the county for not more than six months; § 35, Acts 1909, p. 95, applies only to offenses denounced by the act of which it is a part.

3. **Appeal and Error; Erroneous Sentence; Reversal.**—Where the conviction is regular, but the sentence is erroneous, the conviction will not be reversed, but the sentence will be set aside and the cause remanded for proper sentence.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

(Ed. Note—This case was reviewed by the Supreme Court on application for certiorari, and the writ denied.  See *Mulligan v. The State*, 198 Ala., 73 South. 1001.)

John W. Mulligan was convicted of violating the prohibition law, and he appeals.  Affirmed as to the conviction. but reversed and remanded for resentence.

EYSTER & EYSTER, for appellant.   W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, J.—The trial was by the court without the intervention of a jury, and the evidence offered by the state showed that on about the 8th of April, 1915, the sheriff made a raid on the Southern Hotel in the city of Decatur, and found some liquors concealed under a trapdoor, consisting of 2½ pint bottles of whisky and some in a quart bottle, and 23 bottles of beer, all on ice.

[Mulligan v. The State.]

The statutes makes the fact of keeping prohibited liquors "in any building not used exclusively for a dwelling" prima facie evidence "that they are kept for sale or with intent to sell" the same "contrary to law."—*Wynn v. State,* 11 Ala. App. 182, 65 South. 687.

The evidence of the state further showed that the defendant and another were in the office of the hotel at the time the raid was made, and the witness Forman testified:

"The door between the first and second rooms was not locked. The door leaving the second room [leading to where the whisky was found] was locked. I asked him [defendant] to unlock the door. He said he didn't have the key. I says, 'If you don't get the key, I'll have to go through the door some other way,' and the clerk and him together—I don't say which one—got a bunch of keys and kept trying keys, and after while the door came open."

The state offered other evidence tending to show that the defendant opened the locked door at the request of the sheriff and tending to show that the defendant had possession or control of the hotel.

The defendant offered evidence tending to show that he was not in possession of the hotel, and had no control thereof; that he roomed on the second floor, and had no access to the floor where the liquors were found except to the office; that he had no knowledge that the liquors were concealed in the house; that one Jones rented the furniture from the bank; and that McDonough rented the building from Austin.

(1) This statement of the evidence and its tendencies is sufficient to show that it was in conflict on all the material issues in the case; and in such cases, when the trial is by the court without a jury and the testimony is given ore tenus, the rule is that the judgment will not be disturbed on appeal unless the judgment is plainly contrary to the weight of the evidence (*Laster v. Blackwell,* 133 Ala. 339, 32 South. 166; *Scarbrough v. Borders & Co.,* 115 Ala. 436, 22 South. 180) ; and this notwithstanding the act creating the court provides that on appeal the judgment must be reviewed without any presumption in favor of the trial court. (*Hackett v. Cash,* 196 Ala. 403, 72 South. 52; *Finney v. Studebaker Corporation.* 196 Ala. 422, 72 South. 54; *Ross v. State, infra,* 72 South. 759).

[Stout v. The State.]

After an examination of the evidence, we are not convinced that the conclusion of the trial court was not authorized.— Authorities supra.

(2) The penalty for the offense for which the defendant was convicted is prescribed by Acts Sp. Sess, 1909, p. 8, § 3, which authorizes the court, in addition to the fine assessed, to added imprisonment in the county jail or confinement at hard labor for the county for not more than six months.—Code 1907, § 7806. Section 35, Acts Sp. Sess. 1909, p. 95, authorizing an additional penalty of 12 months, clearly has no application when other penalties are prescribed, and only then to the offenses denounced in the act of which it is a part.

(3) The result is that the judgment of conviction will be affirmed; but, the sentence being erroneous, it is hereby set aside and annulled, and the cause remanded for proper sentence.—*Bryant v. State*, 13 Ala. App. 206, 68 South. 704.

Affirmed in part, and in part reversed and remanded.