# Ross v. The State.

### Violating Prohibition Law.

(Decided August 1, 1916.  Rehearing denied September 7, 1916.
72 South. 759.)

1. **Appeal and Error; Review; Finding of Court.**—Notwithstanding the provisions of Acts 1915, p. 939, where the evidence is ore tenus the finding of the trial court on the facts will not be disturbed unless plainly erroneous, since the provisions of said act apply only where the opportunity of the Appellate Court to consider the evidence are the same as that of the trial court, as where the evidence was taken by a deposition.

2. **Statuts; Construction; in Pari Materia.**—Two statutes in pari materia and approved about the same time should be interpreted together as in furtherance of the same legislative policy and purpose.

3. **Intoxicating Liquors; Evidence.**—Where there was evidence of the finding of whisky in the box in a room connected with a barber shop, and that there were poker chips and dice in the box, and that defendant was responsible for the license of the barber shop, this was sufficient to support a judgment of guilt.

4. **Same.**—Under such circumstances, where the ownership of the barber shop was disputed, it was competent for the tax and license collector of the city to testify that upon inquiry defendant said that he was responsible for the license for the shop.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

(Ed. Note—This case was reviewed by the Supreme Court on certiorari, and writ denied.  See *Ross v. State,* 198 Ala. 701, 73 South. 1001.)

Charlie Ross was convicted of a violation of the prohibition laws, and appeals.  Affirmed.

The trial was had before the court without the intervention of a jury, and resulted as stated.  The evidence tended to show the finding of certain pints and parts of pints of whisky in a box in a room connected with a barber shop, and that there were poker chips and cards also in the box.  The evidence was in dispute as to who was the owner or manager of the shop.  Irons was shown to be tax and license collector for the city, and was permitted to testify that Charlie Ross told him upon inquiry that he was responsible for the license.

[Ross v. The State.]

TENNIS TIDWELL, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.— (1) Recent acts (Acts 1915, pp. 824, 939) impose upon appellate courts the duty of reviewing the findings of facts of a trial court when sitting without a jury, and forbid the appellate tribunals to indulge any presumption in favor of the correctness of the findings of the trial court. The first-mentioned act (p. 824) is in terms applicable only to civil causes, while the latter act (page 939) is applicable to both civil and misdemeanor causes. The language and requirements in both acts with reference to reviewing the court's findings of fact are similar. In passing on the first act (Acts 1915, p. 824), ANDERSON, C. J., said: "Whether or not the act of 1915 (page 824) regulating appeals from the judgments of the court without a jury applies to this case, which was tried before the statute was enacted, we need not decide, for the reason that it wrought no change from the present practice act of the city court of Montgomery as to the weight to be accorded the finding of the trial court upon the facts, and which, with many other similar statutes, has been construed to mean that it can only apply where the opportunities of this court to consider the evidence is the same as the trial court, that is, when the evidence was taken by deposition; but, when the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusion, unless it is plainly and palpably contrary to the weight of the evidence.—*Thompson v. Collier,* 170 Ala. 469, 54 South. 493, and a long line of decisions there cited. The Legislature * * * did not mean to override a long line of decisions of this court as to what weight would or would not be accorded the conclusion of the trial court upon the facts. Moreover, if it was otherwise intended, it would be an invasion of the judiciary to require this court to disregard the finding of the trial court upon facts when said trial court had a better opportunity to pass upon and consider the evidence than the appellate court."—*Hackett v. Cash,* 196 Ala. 403, 72 South. 52.

See, also, *Finney v. Studebaker Corp. of America,* 196 Ala. 422, 72 South. 54.

(2) The two said statutes, being in pari materia and approved very nearly the same time, must be interpreted together

[Huguley v. The State.]

as in furtherance of the same legislative policy and purpose (36 Cyc. 1151) ; and what was said in the *Hackett Case, supra,* relative to the act then under discussion is equally applicable and should be extended to Acts 1915, p. 939.

(3) Such being the case, we are unwilling to disturb the judgment of the trial court. We cannot say that the conclusion reached was "plainly and palpably contrary to the weight of the evidence ;" for it must be said there was sufficient evidence upon which to found the judgment of guilt.

(4) Appellant's objection and exception to the question propounded to witness A. H. Irons relative to the payment of the shop license was without merit. The question of who paid the license was relative as a collateral fact tending to prove who was the true owner or proprietor of the shop where the liquor was found, and a circumstance to be considered as shedding light, not only on the ownership of the shop, but its contents.

There is no error apparent upon the record, and the judgment of the court below must be affirmed.

Affirmed.