(75 South. 694)

LITTLE v. STATE. (8 Div. 488.)

(Court of Appeals of Alabama. May 8, 1917.)

INTOXICATING LIQUORS &#x2245;236(1)—UNLAWFUL SALE—SUFFICIENCY OF EVIDENCE.
    Evidence *held* to sustain a conviction of unlawfully selling intoxicating liquor.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 300.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Jack Little was convicted of unlawfully selling intoxicating liquors, and he appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. The evidence offered by the state tended to show that within the time covered by the complaint the witness Guthrie went to defendant's house in Jackson county, and defendant was out in the yard; that witness told defendant that he had come to get some whisky; that the defendant said, "All right;" that a few minutes later witness went into the house and placed a 25 cent piece on the mantel and walked back toward the door, and then turned and walked back to the mantle and found a pint of whisky, and picked it up and carried it away; that Guthrie left the defendant in the yard, but did not know whether he remained in the yard during the time he was in the house or not.

The defendant denied having any connection with the matters testified to by Guthrie and that such transaction ever took place. The case was tried by the court without a jury, and there was evidence authorizing a judgment of conviction, if believed. Mulligan v. State, 15 Ala. App. 204, 72 South. 761.

We find no reversible error in the record. Affirmed.