(78 South. 715)

CAMPBELL v. STATE. (8 Div. 562.)

(Court of Appeals of Alabama. April 16, 1918. Rehearing Denied May 7, 1918.)

1. INTOXICATING LIQUORS ⬤➡236(7)—POSSESSION—PRESUMPTIONS.

The keeping of whisky in a building not used exclusively for a dwelling is prima facie evidence that it is kept for sale, or other unlawful disposition.

2. CRIMINAL LAW ⬤➡372(2)—EVIDENCE—ADMISSIBILITY—SHOWING HABIT.

In prosecution for unlawful possession of intoxicating liquors, evidence tending to show that defendant and another were coconspirators engaging in the unlawful traffic of prohibited liquors was admissible.

3. CRIMINAL LAW ⬤➡958(3)—NEW TRIAL — GROUNDS—AFFIDAVITS—SUFFICIENCY.

Where defendant's statements in his affidavits as to his knowledge of the newly discovered evidence were in direct conflict, motion for new trial was properly overruled.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

J. J. Campbell was convicted of keeping intoxicating liquors for sale or other unlawful disposition, and he appeals. Affirmed.

Bouldin & Wimberly, of Scottsboro, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BROWN, P. J. [1] The evidence adduced by the state shows without dispute that in searching the defendant's ginhouse, a bottle of whisky was found locked in a chest, and that the defendant, at the request of the sheriff, unlocked the chest, and that the whisky found in the chest was of the same character and was in a like bottle to that found in the water tank connected with the gin. The keeping of such liquors in a building not used exclusively for a dwelling is prima facie evidence that it was kept for sale or other unlawful disposition. Conner v. State, infra, 78 South. 715; Jones v. City of Montgomery, ante, p. 357, 77 South. 969; Wynn v. State, 11 Ala. App. 182, 65 South. 687.

[2] The evidence also tended to show that the defendant and Matchen were coconspirators or confederates engaging in the unlawful traffic of prohibited liquors, and the evidence tending to establish this relation was admitted without error. Whitehead v. State, ante, p. 247, 78 South. 467; Brindley v. State, 193 Ala. 43, 69 South. 536, Ann. Cas. 1916E, 177; Newsom v. State, 15 Ala. App. 43, 72 South. 579; Brown v. State, 15 Ala. App. 180, 72 South. 757; Howie v. State, 15 Ala. App. 185, 72 South. 759.

The trial was before the court without a jury, and there is evidence in the record which, if believed, sustains the judgment of the trial court, and we are not convinced that the findings of the trial court on the facts were wrong. Mulligan v. State, 15 Ala. App. 204, 72 South. 761; Stout v. State, 15 Ala. App. 206, 72 South. 762.

[3] The statements of the defendant as to his knowledge in the affidavits as to the alleged newly discovered evidence are in direct conflict, and the evidence offered by the state tends to justify the conclusion that there was a conspiracy between Matchen and the defendant. The motion for a new trial was properly overruled.

Affirmed.