(81 South. 348)

MAISEL v. STATE. (1 Div. 289.)

(Court of Appeals of Alabama. Jan. 14, 1919. Rehearing Denied April 8, 1919.)

1. CRIMINAL LAW ☞260(11)—FINDINGS OF FACT—REVIEW.

Where trial was had by the court without the intervention of a jury, and the testimony was given ore tenus, findings of the court on facts will not be disturbed on appeal, unless plainly contrary to weight of evidence.

2. INTOXICATING LIQUORS ☞224 — POSSESSION—PRESUMPTION OF GUILT.

Acts 1915, p. 9, § 4, providing that keeping of prohibited liquors in any building not used exclusively for a dwelling shall be prima facie

evidence that such liquors are kept for sale, etc., creates a presumption of law which rebutting evidence does not nullify or destroy; such presumption of guilt being an evidential fact for consideration in determining the guilt or innocence of the defendant.

3. CRIMINAL LAW ☞260(11)—REVIEW—SUFFICIENCY OF EVIDENCE.

Under Acts 1915, p. 9, § 4, where facts were proven establishing the legal presumption of guilt arising from the keeping of liquors in a building not used exclusively for a dwelling, a conviction will not be reversed, although a third person testified that the liquor was his, and not the defendant's, and that he had pleaded guilty and had paid a fine; the testimony having been given ore tenus without the intervention of a jury.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Max Maisel was tried by the court without a jury for a violation of the prohibition law, was convicted, and from the judgment he appeals. Affirmed.

Inge & Kilborn, of Mobile, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] There is but one question insisted upon by counsel for appellant, and that is whether the facts justify the judgment of conviction. Questions of fact, where the evidence is taken ore tenus, are always the most difficult for appellate courts to deal with. The atmosphere of the trial, the personal contact with the parties and witnesses, their appearance, manner on the stand, the expression of the faces of witnesses during cross-examinations, hesitancy of answers to questions in efforts to evade— all these things are absent from the appellate court when it comes to consider the record, and hence the courts, in their effort to render correct judgments, have adopted the rule that, where the trial is had by the court without the intervention of a jury and the testimony is given ore tenus, the findings of the court on the facts will not be disturbed on appeal, unless plainly contrary to the weight of the evidence. Mulligan v. State, 15 Ala. App. 204, 72 South. 761; Hackett v. Cash, 196 Ala. 405, 72 South. 52; Finney v. Studebaker Co., 196 Ala. 422, 72 South. 54; Ross v. State, 15 Ala. App. 187, 72 South. 759; Patterson v. Milligan, 12 Ala. App. 338, 66 South. 914. And this notwithstanding Acts 1915, p. 939; Ross v. State, 15 Ala. App. 187, 72 South. 759; Ross v. State, 198 Ala. 701, 73 South. 1001. Any other rule would be unwise, and impracticable of application.

[2] Section 4 of an act approved January 23, 1915 (Acts 1915, p. 9) provides that the keeping of prohibited liquors in any building not used exclusively for a dwelling shall

be primá facie evidence that such liquors are kept for sale, etc. These facts, when proven, become a presumption of law, which in the opinion in Roman, Trustee, v. Lentz, 177 Ala. 71, 58 South. 438, is differentiated from presumptions of facts, which last presumptions are overcome by positive, direct, and uncontradicted testimony to the contrary as in L. & N. R. R. Co. v. Marbury, 125 Ala. 254, 28 South. 438, 50 L. R. A. 620, and A. G. S. R. R. Co. v. Moody, 90 Ala. 46, 8 South. 57. Where the facts are proven establishing the legal presumption of guilt, the rebutting evidence does not nullify or destroy the presumption arising out of proven facts, which is itself an evidential fact for consideration in determining the guilt or innocence of the defendant. Wynn v. State, 11 Ala. App. 182, 65 South. 687; Bryant v. State, 116 Ala. 445, 23 South. 40.

[3] The facts in this case, without conflict, established the legal presumption of the guilt of the defendant, and while the witness Wilson did testify that the whisky was his and not the defendant's, and that the defendant knew nothing about it and that he had pleaded guilty to the charge and paid the fine, there is enough of unreasonableness in the testimony of this witness, as shown in his cross-examination, to impress this court with the wisdom of the rule with reference to the findings of facts by trial judges as is stated in the foregoing opinion. Both of the parties may have been guilty, and the plea of guilty on the part of Wilson and his subsequent testimony may have been the result of meditation and concoction, differentiating this case from Oldacre v. State, 75 South. 827.[1] The trial judge evidently thought so, and we are not convinced that his finding should be disturbed.

We find no error in the record, and the judgment is affirmed.

Affirmed.