(81 South. 180)

### WALDROP v. AUTOMOBILE SALES CO. (6 Div. 410.)

(Court of Appeals of Alabama. Feb. 11, 1919.)

### 1. PAYMENT ☞9—PAYMENT IN PROPERTY— EXTINGUISHMENT OF DEBT.

Where parties agree that property other than money may be used in the payment of an obligation, a delivery and conveyance of the property specified will extinguish the debt.

### 2. PAYMENT ☞65(6)—PAYMENT IN PROPERTY —BURDEN OF PROOF.

Debtor who claims to have discharged obligation to pay money by payment in property other than money has the burden of proving that substituted performance was accepted by the creditor as the equivalent of payment in money or in satisfaction of the obligation.

### 3. PAYMENT ☞24—PAYMENT BY GIVING OF SECURITY.

A higher security taken from the debtor himself extinguishes the original contract, where the contrary does not appear upon the face of the security itself.

### 4. SALES ☞59 — CONSTRUING INSTRUMENTS TOGETHER.

Where automobile sales contract provided for payment by the execution and delivery of a note secured by mortgage on real estate, and the mortgage executed to seller by buyer in payment guaranteed that the land described was free of all liens and incumbrances, these papers were to be construed together as establishing the intention of the parties that the buyer's obligation under the contract should be satisfied, and title to the automobile divested out of the seller, only by buyer's delivery to the seller of a valid mortgage which should be prior to all other liens and incumbrances.

### 5. APPEAL AND ERROR ☞1011(1)—REVIEW— CONFLICTING EVIDENCE—FINDING.

Finding of court upon conflicting evidence will not be disturbed on appeal.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by the Automobile Sales Company against W. W. Waldrop. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 16 Ala. App. 697, 77 South. 1005.

F. F. Windham, Rice & Taylor, and P. B. Traweek, all of Tuscaloosa, for appellant.

Leon G. Brooks, of Brewton, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAMFORD, J. Foye Black entered into a contract with the plaintiff for the purchase of an automobile. This contract was executed at Memphis, Tenn., on December 30, 1916, and contained the following provisions:

"The title to and right of possession of said motorcar shall remain in you (plaintiff) until conveyed or until the full purchase price is paid in money," also: "Price of motorcar with following equipment, $775.00. For the motorcar and equipment as above specified, I agree to pay the sum of $775.00, as follows: by cash deposit accompanying this order, $75.00; trade in one Saxon roadster [his equity] $50.00; one note due March 1, 1917, secured by mortgage on real estate, $650.00."

This contract was recorded in Lamar and Tuscaloosa counties, after March 1st, but within three months of its execution. The $75 was paid, the Saxon roadster delivered, and Black executed and delivered to plaintiff a mortgage on 80 acres of land in Lamar county, Ala., warranted free of incumbrances. Upon the execution and delivery of the mortgage, the plaintiff delivered the motorcar to Black at Sulligent, in this state, and upon its arrival, or shortly thereafter, on January 9, 1917, Black sold the car to defendant for $600, upon the representation that it was free from incumbrances and that he had a right to sell it. The evidence for defendant (appellant here) tends to show that the mortgage given by Black to plaintiff on the real estate was understood at the time, between the parties, to be a second mortgage, while the evidence for plaintiff (appellee here) was to the effect that the land embraced in the mortgage was represented by Black to be free of incumbrances and liens.

[1, 2] It is undoubtedly the law, sustained by the great weight of authority, that where parties agree that property, other than money, may be used in the payment of an obligation, a delivery and conveyance of the property specified will extinguish the debt. Abercrombie v. Mosely, 9 Port. 145; Lee's Adm'r v. Fontaine & Freeman, 10 Ala. 755, 44 Am. Dec. 505; Mooring et al. v. Mobile Marine Dock & Mu. Ins. Co., 27 Ala. 254; 21 R. C. L. 37, § 34; 21 R. C. L. 45, § 43. This is, however, always a question of fact, with the burden on the debtor that a substituted performance of his obligation to pay money was accepted by the creditor as the equivalent of payment, or in satisfaction of the obligation. Borland v. Nevada Bank, 99 Cal. 89, 33 Pac. 737, 37 Am. St. Rep. 32.

[3-5] It is also the law that a higher security taken from the debtor himself extinguishes the original contract, where the contrary does not appear on the face of the security itself. Costar v. Davies, 8 Ark. 213, 46 Am. Dec. 311; Fidelity Ins. Trust & Deposit Co. v. Shenandoah Valley Ry. Co., 86 Va. 1, 9 S. E. 759, 19 Am. St. Rep. 858; 21 R. C. L. 46, § 44. Therefore, in the instant case, it might be well held that the recitals in the sale contract, stipulating for a payment by note and mortgage on real estate, the execution, delivery, and acceptance of the note and mortgage, coupled with the testimony of the witness Black, were sufficient to discharge the burden of proof resting on the defendant as to the intention of the parties. Or the acceptance by the plaintiff of a note secured by a mortgage upon real estate, being a higher security than the sale contract, would of itself be an extinguishment of the original contract. 21 R. C. L. 46; 13 C. J. 599, § 619D. But there is another principle to be considered, in determining the question as to whether the note and mortgage in evidence were taken and accepted as an extinguishment of the obligations of the sale contract. The sale contract provided for payment by the execution and delivery of a note, secured by a mortgage on real estate; the mortgage executed and delivered by Black in payment represented and guaranteed that the land described was free of all liens and incumbrances. These two papers must be considered together, and, when so taken and considered, without more, they could mean nothing else than that the intention of the parties was that the sale contract should be satisfied by the execution and delivery by Black of a valid mortgage upon 80 acres of land described in the conveyance, of which he was seized and possessed, and which was free of all liens and incumbrances. Nothing less than this would be a satisfaction of the obligations of the sale contract, or divest the title to the motorcar out of the plaintiff. Ball v. Sledge, 82 Miss. 749, 35 South. 214; 21 R. C. L. 38, § 34; Letcher v. Commonwealth Bank, 1 Dana (Ky.) 82; French v. White, 12 N. Y. Super. Ct. 254. This then became the determining fact in the case, and, it appearing from the evidence that there was a prior and superior mortgage on the land described in the mortgage to plaintiff, that Black knew it, it became a question of fact from all the evidence as to whether the plaintiff knew of this, and with this knowledge accepted the note and mortgage in payment. The evidence on this point was in conflict, and under the authorities laying down the rule, in such cases, we are not willing to say that the court was in error in its findings. Mulligan v. State, 15 Ala. App. 204, 72 South. 761; Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker Co., 196 Ala. 422, 72 South. 54; Ross v. State, 15 Ala. App. 187, 72 South. 759; Maisel v. State, post, p. 12, 81 South. 348.

We find no error in the record, and the judgment is affirmed.

Affirmed.