(84 South. 473)

DENSON v. MIDDLETON. (6 Div: 508.)*

(Court of Appeals of Alabama. Nov. 25, 1919. Rehearing Denied Dec. 16, 1919.)

ATTORNEY AND CLIENT ⊚⟩166(1)—EVIDENCE IN ATTORNEY'S ACTION AGAINST ASSOCIATES FOR SHARE OF FEE HELD NOT TO SUPPORT PLAINTIFF'S BURDEN OF PROOF.

In a suit by an attorney against a member of a firm in which he was associated in litigation against a railroad company, to recover his share of a fee earned, wherein the amount of such share was disputed, although part had been paid, evidence, when considered in connection with testimony that after the first payment other collections had been made by each party and passed through the hands of the other without the correctness of the settlement having been raised, *held* insufficient to discharge plaintiff's burden of proof that defendant was indebted to him.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by J. O. Middleton against W. A. Denson in assumpsit. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Nesmith & Hunt, of Birmingham, for appellant.

The verdict was justified by the evidence, and the finding of the trial court will not be disturbed, unless it appears plainly and palpably. Cobb v. Malone, 92 Ala. 635, 9 South. 738, and cases following it.

W. A. Denson, of Birmingham, for appellee.

The trial court erred in the judgment rendered, and his judgment is subject to revision by this court. Acts 1915, 824; Ib. 940; 196 Ala. 405, 72 South. 52; 196 Ala. 424, 72 South. 54; 14 Ala. App. 98, 71 South. 976.

MERRITT, J. This is an action of assumpsit by the appellee against appellant to recover a balance on account alleged to be due on attorney's fees. The evidence shows without dispute that in the year 1911 the firm of Denson & Denson, of which the appellant was a member, represented one Thomas Sims in a suit against the Louisville & Nashville Railroad Company in the circuit court of Chilton county; that the appellee was a member of the local bar of that county, and Denson & Denson associated appellee with them in the case. In August, 1912, that case was prosecuted to a judgment in favor of Sims for the sum of $15,000, and soon thereafter the suit was settled between the parties, through the appellant, acting for and in behalf of Sims, for $8,500, and appellant immediately after the settlement delivered to the appellee through the mails a check, according to the appellant's testimony, for $1,475, and, according to the appellee's testimony, for $1,-400, which appellee received and cashed.

Appellee's contention is that, when his service was engaged by appellant firm, it was agreed that he was to have half of whatever fee was collected in the case; that he made no subsequent agreement to accept less; that the amount agreed on between Sims and appellant's firm to be retained out of the recovery as fees was $4,000; and that the balance over the sum represented by the check delivered to him is still due and unpaid, and his testimony tends to sustain this theory. On the other hand, appellant contends that before the settlement was made appellee agreed to accept the sum of $1,500 as his part of the fee, and on the strength of this agreement and the agreement of Sims to allow the attorneys to retain $4,000 for the fees in gross the case was settled for $8,500; that the sum of $25 was retained by appellants out of appellee's share to cover one-half of certain expenses incident to the prosecution of the instant case which appellee had agreed to pay, and appellant's testimony is to this effect.

The only evidence offered on the trial was the testimony of the respective parties, and there is nothing in the record that tends in the least to reflect on or discredit either. However, the undisputed evidence establishes the further facts that the settlement of the case was concluded in August, 1912, and immediately thereafter the check was delivered to appellee for his part of the fee, and was received and cashed by him; that subsequent to this time the appellant's firm and appellee's firm were associated together in the prosecution of a number of cases in the same court, and fees were earned and collected by them amounting to from $35,000 to $40,000; that all of these fees passed through hands of appellee's firm, and checks were given to appellant's firm for their portion of the fee without any suggestion on the part of appellee that the division of the fee in the Sims case was unsatisfactory, or that the check was not accepted by appellee in full settlement of his portion of the fee in that case until this suit was filed in March,

1917, nearly five years after the division of the fees in the Sims case. These facts are so inconsistent with the appellee's contention, after a careful consideration of the evidence in this record, we are constrained to hold that he had not discharged the burden of proof resting upon him to show that the appellant was indebted to him when this suit was brought, and the judgment of the circuit court will be here reversed, and the judgment rendered in favor of the appellant.

Reversed and rendered.

SAMFORD, J., concurs.

BRICKEN, P. J. (dissenting). This case was tried by the court without a jury, the lamented Judge Sharpe, of Birmingham, presiding. On the trial in the court below questions of fact only were involved, and the evidence of the only two material witnesses was in sharp conflict. It clearly appears that there was sufficient evidence to support the judgment rendered by the court, and therefore I cannot accord to the views of the majority of this court in reversing said judgment. It has been expressly and repeatedly held that the statute providing that on appeal of a case tried by the court without a jury the appellate court shall review the same with no presumption in favor of the findings of the trial court on the evidence applies only where the opportunities of the appellate court to consider the evidence is the same as the trial court, as when the evidence is taken by deposition; but where the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, the appellate court will not disturb the conclusion reached by the trial court, unless it is plainly or palpably contrary to the weight of the evidence. In the instant case the evidence was taken orally, and Judge Sharpe, presiding, who saw and heard the witnesses and was in a position to note their demeanor and conduct in court and upon the witness stand, unquestionably had a better opportunity to pass upon and consider the evidence than this court could possibly have. Moreover, it cannot be said, from this record, that the conclusion reached by Judge Sharpe is plainly or palpably contrary to the weight of the evidence. My opinion is that the appellate court should not disturb a judgment of this character unless it would under the same state of facts set aside a judgment rendered by a jury under the same state of facts, as being a verdict which would shock the conscience of the court. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Robinson v. State, 15 Ala. App. 29, 72 South. 592; Mulligan v. State, 15 Ala. App. 204, 72 South. 761; Ross v. State, 15 Ala. App. 187, 72 South. 759; L. & N. R. R. Co. v. Byrd, 198 Ala. 271, 73 South.

514; McDonough v. Commercial State Bank, 15 Ala. App. 429, 73 South. 754; Andrews et al. v. Grey (Sup.) 74 South. 62; [1] Hatfield v. Riley (Sup.) 74 South. 380.[2] In this case Judge Gardner, speaking for the court, said:

"The record has been carefully examined; and while it may be conceded that the preponderance of the evidence was favorable to the defendant, yet in a case of this character, where the evidence was in conflict, the court is not called upon to set aside the verdict because it may not correspond with its opinion as to the weight of the evidence."

See, also, Price v. Price, 199 Ala. 433, 74 South. 381.

"The judgment of the court, where the trial was had without the intervention of a jury, will not be disturbed unless plainly contrary to the great weight of the evidence." A., T. & Ry. Co. v. Aliceville Lumber Co., 199 Ala. 391, 74 South. 441, and cases cited.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 199 Ala. 152.    [2] 199 Ala. 388.    *Certiorari denied 204 Ala. 85, 85 South. 265.