(85 South. 832)

AARONHEART v. STATE. (8 Div. 684.)

(Court of Appeals of Alabama. April 6, 1920.)

INTOXICATING LIQUORS ☞236(7)—EVIDENCE HELD NOT SUFFICIENT TO CONVICT OF KEEPING FOR SALE.

In a prosecution for keeping intoxicating liquors for sale or with intent to sell, verdict of conviction *held* contrary to the weight of the evidence.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill Aaronheart was tried and convicted for a violation of the prohibition law, and from the judgment he appeals. After judgment, the defendant made a motion for a new trial, which motion was overruled, and from the judgment he appeals. Reversed and remanded.

Charles Grimmett and R. E. Smith, both of Huntsville, for appellant.

No brief came to the Reporter.

J. Q. Smith, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The evidence in this case was that one Williams, a deputy sheriff, went to the house of defendant on November 30, 1918, and searched the premises. He found a soda bottle full of whisky in a safe in the defendant's kitchen and a quart bottle of whisky in the defendant's barn, covered up under some cut corn, and "something" in a fruit can that smelled like whisky. He also testified that the defendant lived in Madison county. A Mr. Moore testified to substantially the same thing. It was shown by the witness Moore that the fruit

can and the Coco-Cola bottle were in defendant's kitchen. It was testified by the defendant and his family, and not disputed, that the liquid in the fruit can was not whisky, but was a preparation used by the family for straightening the kinks out of their hair. It was also testified by the defendant's witnesses that they had this whisky for their own use; that his family had the "flu," and that it was used by them for family purposes. There was no evidence of any sale or other disposition of whisky by the defendant or any member of his family.

Upon the theory that the quart of whisky was found in the barn, that being a building not used exclusively as a residence, was prima facie evidence that it was kept for sale or with intent to sell the same contrary to law, the court submitted the question to the jury, following the decision in the case of Maisel v. State, ante, p. 12, 81 South. 348, and in this the court did not err.

But, at the time this whisky was found, the defendant was authorized by the law to have for his own use and that of his family as much as two quarts at one time, and while it was shown that one quart of the whisky was kept in the barn, hidden under the corn, we are of the opinion that the verdict of the jury was plainly contrary to the weight of the evidence, and for that reason should not be permitted to stand. The court should have granted defendant's motion for a new trial. For this error, the judgment is reversed, and the cause is remanded.

Reversed and remanded.