(106 So. 52)

PREWITT v. STATE. (6 Div. 533.)

(Court of Appeals of Alabama. Feb. 3, 1925. Rehearing Denied June 30, 1925.)

1. Intoxicating liquors ⊙═236(6½)—Evidence held sufficient to support conviction for possession of liquor.

That defendant was in immediate possession of house in which was found a can of whisky, which defendant was carrying in direction of sink when officer took same from him, held to warrant conviction of possession.

2. Criminal law ⊙═807(1)—Instruction as to application of rules of evidence held properly refused as argumentative.

Charge that in prohibition law cases same rules of ·evidence apply as in other criminal cases, and that there should be no differentiation in application of rules simply because of character of offense, held properly refused as argumentative.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

W. W. Prewitt was convicted of having in his possession prohibited liquors, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Prewitt, 213 Ala. 697, 106 So. 53.

This charge was refused to defendant:

"The court charges the jury that the same rules of evidence apply in cases involving the prohibition law in its several phases as do in all other criminal cases, and there should be no differentiation in the application of these rules simply because the accused is charged with this character of offense."

Foster, Rice & Foster, of Tuscaloosa, for appellant.

It was reversible error to refuse defendant's requested charge and to deny defendant's motion for a new trial. Moultrie v. State, 20 Ala. App. 258, 101 So. 335; Ammons v. State, 20 Ala. App. 283, 101 So. 511.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was sufficient to sustain a conviction. Ex parte State ex rel. Atty. Gen., 210 Ala. 55, 97 So. 426. There is no error in refusing an argumentative charge.

SAMFORD, J. We can see no good purpose in discussing the facts of this case in detail. The defendant was in immediate possession of a house in which was found a can containing several gallons of whisky. When the officers began to search the premises defendant went directly to this can, took it up, and started with it in the direction of a sink, used for washing milk bottles. One of the officers took the can away from him, and brought it away. The facts testified to and the inferences to be drawn from the fact

were sufficient upon which to base a verdict, which we will not disturb on motion for new trial. Maisel v. State, 17 Ala. App. 12, 81 So. 348.

[2] Charge 4, refused to defendant, is an argument.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

RICE, J., not sitting.