NEILS YORGENSEN, PLAINTIFF IN ERROR, V. LARS YORGENSEN, DEFENDANT IN ERROR.

1. **Trespass.** In order to maintain an action of trespass *quare clausum fregit* by one not holding the legal title to lands, he must show an *actual possession* in himself at the time the alleged trespass was committed.

2. ———: POSSESSION. It is not necessary that the party in possession should actually reside on the land; his possession may be obtained by cultivation, fencing, or otherwise improving the land.

3. ———: ———. When land is unimproved, and unoccupied, the person holding the legal title is deemed to be in possession thereof.

ERROR to the district court for Seward county. The opinion states the case.

*C. L. Lewis* and *Norval Brothers*, for plaintiff in error, *inter alia*, contended that it was not necessary for plaintiff to have been in possession when the action was commenced, to entitle him to recover for the annual value of the use of the land. It was only necessary for the plaintiff to re-enter after the trespass was committed, to entitle him to recover. *Rowland v. Rowland*, 8 Ohio, 40, 41. It was not necessary for the jury to find that the defendant forcibly entered and ousted the plaintiff to entitle the plaintiff to recover. For an unlawful entry, even if no force had been used, the plaintiff was entitled to nominal damages. Sedgwick on Damages, 148. Field on Damages, 67. *Sanderlin v. Shaw*, 6 Jones' Law, 225. *Smiles v. Hastings*, 24 Barb., 44. *Mitchell v. Billingsley*, 17 Ala., 391. *Ellsworth v. Potter*, 41 Verm., 685. *Perkins v. Towle*, 43 New Hamp., 20.

*McKillip & Page*, for defendant in error, cited *Smith*

*v. Gage,* 41 Barb., 61. *Hagenbuck v. Reed,* 3 Neb., 22. 2
Blacks. Com., 210. *Holmes v. Seeley,* 19 Wend., 507.
*Wohler v. Buffalo R. R. Co.,* 46 N. Y., 686. *Massie v.
Strafford,* 17 Ohio State, 596.

MAXWELL, J.

On the eleventh day of October, 1875, the plaintiff
commenced an action against the defendant in the pro-
bate court of Seward county to recover the sum of $475
damages, for the forcible entry upon, and use and occu-
pation of the south-west quarter of section twenty-one,
town twelve north, of range two east of sixth principal
meridian, in Seward county, from the first day of March
1875 to the time of bringing suit. The petition alleges
that at the time of defendant's entry upon said lands and
ever since, he (the plaintiff) has had the right to the pos-
session of said premises, and that he was at that time and
is now the owner thereof, and that the defendant is a set-
tler thereon without title or the consent of the plaintiff.
The defendant answered the petition of the plaintiff de-
nying all the facts stated therein. The plaintiff recov-
ered judgment against the defendant in the probate
court for the sum of $300 and costs. The cause was
taken by petition in error to the district court, where the
judgment was reversed and the case dismissed. To re-
verse the judgment dismissing the case, the plaintiff
brings the case into this court by petition in error.

It appears from the testimony in the case that the
plaintiff claims title to the lands in controversy as the
assignee of a contract for the purchase thereof from the
B. & M. R. R. company. It also appears that the de-
fendant claims an interest in the lands under said con-
tract, and that he has exclusive possession of the prem-
ises and had at the time of the alleged trespass. The
only question that arises in the case is the right of the

plaintiff to bring and maintain an action of trespass, without showing an actual possession in himself at the time the alleged trespass was committed.

In *Boggs v. Thompson*, 2 Ohio, 105, the court held that the plaintiff must show an actual possession in himself at the time the trespass complained of was com- mitted. In *Miller v. Fulton*, 4 Ohio, 434, it was held that a tenant in actual possession might maintain an action for a wrong done by a stranger.

In *Rowland v. Rowland*, 8 Ohio, 41, the court say: " In order·to maintain an action of trespass *quare clausum fregit*, it is well settled that the plaintiff must be in the actual or constructive possession of the premises upon which the trespass is committed at the time of·trespass."

In *Wilson v. Chalfant*, 15 Ohio, 248, the court held that the plaintiff must have a right of possession in order to maintain the action.

It is not necessary that the party in possession should actually reside on the land; his possession may be ob- tained by cultivation, fencing or otherwise improving the same. Where land is unimproved and unoccupied the person holding the legal title is deemed to be in possession thereof. As it is apparent from the plead- ings and proof in this case that the plaintiff was not in the actual possession of the lands in controversy at·the time of the alleged trespass, he cannot maintain the ac- tion.

The judgment of the district court is therefore af firmed.

JUDGMENT AFFIRMED.