JOHN COMSTOCK V. GEORGE COLE.

[FILED JANUARY 7, 1890.]

1. **Summons:** SERVICE ON ATTORNEY.    Where there are two attorneys of record who appear for one of the parties on the trial of a cause, the service of a summons in error on one of such attorneys, or his waiver of service, will be sufficient.

2. **Title:** CANNOT BE TRIED BY FORCIBLE ENTRY.    Where there is a controversy as to the ownership of real estate, and a tenant is in possession under one claiming to be the owner, a third party, who has had no prior possession of the premises, but who claims adversely to the landlord of the tenant, cannot maintain an action of forcible entry and detainer against such tenant until he has established his right in a court of competent jurisdiction.

ERROR to the district court for Cedar county.    Tried below before CRAWFORD, J.

*Barnes Bros.*, for plaintiff in error:

Evidences of title, such as patents, deeds, etc., were improperly received since no question of title can be litigated in this form of action. (*Myers v. Koenig*, 5 Neb., 422; *Leach v. Sulphen*, 11 Id., 528; *Pettit v. Black*, 13 Id., 154;

*Streeter v. Rolph*, Id., 388; *Webster v. Stewart*, 6 Ia., 401; *Beezly v. Burgett*, 15 Id., 192; *Brocken v. Preston*, 1 Pinney [Wis.], 365; *Gates v. Winslow*, 1 Wis., 650; *Ferrell v. Lamar*, Id., 19; *Evill v. Conwell*, 18 Am. Dec., 147.) The gravamen of the action is simply the unlawful, forcible entry. (*Herriter v. Porter*, 23 Cal., 385; *Casey v. King*, 98 Mass., 503; *People v. Carter*, 29 Barb. [N. Y.], 208; *Lane v. Kennedy*, 13 Ohio St., 43.)

*B. B. Boyd (W. F. Bryant*, with him), *contra:*

The certificate of the clerk of the district court shows that there is but one attorney of record for defendant. As no summons was served upon him, proceedings in error were not commenced, and the time for the same is now past. (Code, secs. 584, 585, 592; *Bemis v. Rogers*, 8 Neb. ,149–151; *Rogers v. Redick*, 10 Id., 332.

MAXWELL, J.

This is an action of forcible entry and detainer brought in the county court of Cedar county, where, on the trial of the cause, judgment was rendered for the defendant. The case was then taken on error to the district court, and on the hearing the judgment of the county court was affirmed. After the filing of the transcript in this court the defendant died, and the cause was revived in the name of his administrator. The attorney for the administrator now moves to dismiss the cause, principally because the summons in error was not served upon him. A large number of affidavits in support of and against the motion were filed, and are now before us.

From these affidavits it seems that two attorneys appeared in the case for the defendant Cole, and that such notice was served upon one of them, but not on Mr. Boyd. This service we consider sufficient, and the motion to dismiss is overruled.

The complaint is as follows:

" John Comstock, plaintiff, complains of George Cole, defendant, for that the plaintiff is seized in fee-simple of sections 18 and 19, in town 30 north, range 2 east, in the county of Cedar and state of Nebraska, and is entitled to the possession thereof; that on or about the 1st day of May, 1884, the said George Cole unlawfully and forcibly and with a strong hand entered· upon said premises, and does still forcibly and unlawfully detain the possession of said premises from said plaintiff. On the 5th day of May, 1884, the plaintiff served a notice in writing on said George Cole to leave said premises. Plaintiff asks restitution of said premises and costs of suit.

" Dated this 8th day of May, 1884."

To this complaint the defendant by his attorney answered as follows:

" The above named defendant, by B. B. Boyd, his attorney, denies each and every statement and allegation contained in the complaint of the plaintiff herein, and states that he is not· guilty as he is therein charged. This defendant states that he is in the possession of the land described in said complaint as a tenant of the owner thereof, and that this defendant entered in such possession as such tenant in good faith."

The testimony tends to show that Cole entered into possession of the land in question as the tenant of one Wakely, a resident of Chicago ; that Cole had erected a house on the premises, and broken up a number of acres of land as such tenant. The plaintiff in error does not claim to have been in possession of the premises in question at that time, nor were his grantors.

The land in question constituted the townsite of what is known as the town of Curlew. So far as we can judge by the record before us the town never had any existence except on paper. The land, however, was purchased and laid off into blocks and lots, there being about 11,000 of

Comstock v. Cole.

the latter.   Of these Cole testifies that the plaintiff claimed to represent about 7,000.   This is denied by the plaintiff, who lays claim to the entire tract.   The consideration named in the deed, however, as well as the form of the deed itself, shows that he bought at a venture.

It is evident that the rights of the respective parties cannot be determined in an action of forcible entry and detainer, which applies alone to the right of possession, but must be adjudicated in a court having common law powers. We are not prepared to say that Cole was lawfully in possession, but until the plaintiff obtains possession in a lawful manner he cannot maintain an action of forcible entry. The rule would seem to be the same as in an action of trespass.   In that case if the land is unoccupied and unimproved, the holder of the legal title may maintain the action.   If, however, he does not possess the legal title, he must show an actual possession in himself to maintain the action. ( *Yorgensen v. Yorgensen,* 6 Neb., 383.)   This rule was applied in *Galligher v. Connell,* 23 Neb., 391, and it was held in effect that the act of entering upon land by one who had previously been out of possession, and performing a small amount of labor, did not constitute such possession as would entitle him to maintain forcible entry and detainer against one whose possession was prior to his.   That case in our view states the law correctly, and it is decisive of this case.

The judgment of the district court is right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.