## WERRE v. NORTHWEST THRESHER CO.

Where plaintiff sues on a quantum meruit, and his evidence shows that the service performed was upon a written contract which was not binding on defendant, there is no variance between allegation and proof, as if the contract was not valid against defendant it was not binding on the plaintiff.

Where a person performs services for another under a void contract not malum prohibitum nor malum in se, and the other party knowingly receives the benefit of such services, the person performing may recover the reasonable value of such services irrespective of the contract.

Where there is a valid express contract fixing the rights of the parties, there is no implied promise.

In an action on a quantum meruit for services performed, plaintiff was permitted to testify as to the contents of a letter written by him to defendant of which he had retained no copy, and as to which he had served no notice on defendant to produce other than the oral notice of counsel during his examination. Defendant denied that he had possession of the letter in question. Held that, as a demand for the letter would have been unavailing, it was not a necessary preliminary to the introduction of secondary evidence.

Evidence in an action on a count in quantum meruit for the value of services held sufficient to warrant the jury in finding that defendant had knowledge that plaintiff was performing such services.

A point at issue in the trial of a cause may be established to the satisfaction of the jury by circumstantial evidence, as well as by direct assertion of a witness.

Where the testimony of a witness who did not understand or speak English, and who gave his testimony through an interpreter, was inconsistent and uncertain, it was properly submitted to the jury for them to say what weight and credence should be given thereto.

(Opinion filed June 6, 1911.)

Appeal·from Circuit Court, McPherson County. Hon. J. H. BOTTUM, Judge.

Action by Gottfred G. Werre against the Northwest Thresher Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Bates & Parliman,* for appellant. *Theo. J. P. Geidt* and *A. W. Campbell,* for respondent.

McCOY, J.  Plaintiff brought this suit to recover from defendant upon quantum meruit the reasonable value of services alleged to have been rendered, upon defendant's request, in making a sale of one of defendant's threshing machines.  It appears from the record that plaintiff in 1909 resided in Greenway, McPherson county, and that he had some experience in the sale of farm machinery.  The defendant is a corporation engaged in the manufacture and sale of threshing machinery with its home office at Stillwater, Minn.  In the month of July, 1909, plaintiff claims to have written a letter properly inclosed, sealed, and stamped and addressed to defendant, Northwest Thresher Company, at Stillwater, Minn., and duly deposited the same in the United States post office, and in which letter plaintiff claims to have stated to defendant that he was desirous of entering defendant's service as a sales agent of its machinery at Greenway.  Plaintiff received no reply to this letter, but a few days after the mailing of the same one J. W. Brown, a traveling sales agent of defendant, put in his appearance at Greenway, sought out plaintiff, and entered into with plaintiff, in the name of defendant, what plaintiff presumed was a valid written agency contract, whereby defendant engaged plaintiff as an agent to make sales of its threshing machinery. Immediately after the entering into of the supposed written contract plaintiff entered upon his duties as such agent of defendant, and found purchasers for one of defendant's threshing rigs, and took a written sale order therefor signed by such purchasers on printed

blank order furnished him by said Brown.  Notice was given to Brown of the taking of said order and he came to assist in closing up the transaction, when the purchasers, together with said order for sale, were taken to Stillwater, where the purchase was finally closed, and the threshing rig was, by virtue of said sale made by plaintiff, shipped to Greenway by defendant to said purchasers; that upon the arrival of said machinery at Greenway plaintiff assisted with men hired by him in unloading said machinery from the cars; that said purchasers took said machinery, used, and fully paid for same.  During the month of November, 1909, plaintiff wrote defendant at Stillwater desiring to know whether said machinery had been paid for or not by the purchasers, and that it was about time for him to get some pay, too, for his services.  Defendant answererd, indicating that it did not then know plaintiff and that it was none of his business.  Plaintiff then procured the services of an attorney who wrote defendant, stating the past occurrences and the services performed by plaintiff, and that plaintiff ought to receive what was justly due him. Defendant answered this letter, requesting that it be furnished with a copy of the alleged contract held by plaintiff.  The attorney then mailed defendant a copy of the contract, and in a few days received from defendant a letter containing among other things the following:  "In reply to yours of the 30th ult., with which you sent us a copy of the alleged contract between ourselves and G. G. Werre, have to say, in the first place the contract, as shown by the copy, is only signed on behalf of the company by J. W. Brown, and is not signed by Werre, and is therefore not a contract, Mr. Werre not having signed.  In the second place you will notice by the terms of the contract that the agreement does not take effect until the same is approved in writing by the company at Stillwater, and the document is not a contract in effect, the same never having been approved by us at this office, and in fact we never had any knowledge of it until you wrote us."  This letter was signed:  "Northwest Thresher Co., Sales Manager." Shortly after the receipt of this letter plaintiff instituted this action to recover the reasonable value of his said services on the quantum meruit theory.  Defendant made general denial of plaintiff's

claim. Verdict and judgment were in favor of plaintiff, and defendant appeals.

[1] It is first contended by appellant that there is a fatal variance between plaintiff's testimony and the complaint in the action, that plaintiff has sued upon quantum meruit, and the evidence conclusively shows that if plaintiff can recover at all it must be upon the written contract entered into with the agent Brown. For many reasons we are of the opinion this contention is not well founded. It appears from the record that defendant before the commencement of this action repudiated the validity of said contract, and still contends that said written contract is invalid and not binding on defendant because plaintiff did not sign the same; because it was never approved in writing by the defendant; and because the agent Brown had no authority to enter into said contract with plaintiff. Undoubtedly this contract was not binding upon defendant until approved by it, unless Brown was in some manner authorized to make the same on part of defendant without such approval, and which does not appear from the evidence. If this contract was not binding on defendant, neither was it binding on plaintiff. It could not be bad as to defendant and good as to plaintiff. It seems to be the contention of defendant that this contract is not valid as against defendant so that plaintiff might recover against defendant thereon, but that it is very good as against plaintiff for the purpose of ousting plaintiff out of court. We known of no such rule of law. Contracts of this kind must be mutually binding against both parties thereto or not binding against either. Under the circumstances of this case defendant should not be permitted to say that said contract is valid for any purpose.

[2] It seems to be an elementary rule of law that where a person performs services for another, in good faith, under a void contract, not malum prohibitum nor malum in se, and where the other party has knowingly reaped the benefits of such services, that the person so performing the same may recover from the person receiving the benefits the reasonable value of such services upon the quantum meruit, irrespective of the contract, that under

such circumstances the law implies a promise on the part of the person so receiving such benefit to pay what the same were reasonably worth. This seems to be the exact situation in this case.

[3] There is no question but what, where there is a valid express contract existing between parties in relation to a transaction fully fixing the rights of each, there is no room for an implied promise, or suit on quantum meruit. Ball v. Dolan, 21 S. D. 619, 114 N. W. 998, 15 L. R. A. (N. S.) 272. Under such circumstances the suit upon such transaction must be based on the contract alone; but that is not this case. Here plaintiff, under what he had the right in good faith to believe was a valid express contract, performed services, but which contract, after the services were performed and defendant had received the benefit, by reason of the acts of defendant, turned out to be no contract at all.

[4] It is also contended by appellant that the trial court erred in permitting the plaintiff to testify concerning the contents of the first letter written by plaintiff in July, 1909. After testifying that he had written the letter, properly sealed and stamped the same, and deposited it in the United States post office, properly addressed to defendant at Stillwater, Minn., and that he had no copy of it, plaintiff was then asked by his counsel to state the contents of said letter. To which question appellant objected on the ground that it was not the best evidence, and that no notice had been served on defendant to produce the same other than the oral notice of counsel for plaintiff at the time the question was propounded. The objection was overruled and exception duly taken. We are of the opinion that no reversible error exists by reason of such ruling. On the trial E. A. Englin, on behalf of defendant, testified: "My duties as sales manager of the Northwest Thresher Company are to conduct all the business with reference to selling the product of the factory. I have supervision of the travelers, and all sales have to be approved by me. I have charge of the local agents and of the traveling agents or salesmen. After the traveling salesmen are employed, I direct their work, and approve it if satisfactory. The traveling agents and local agents are directly under my supervision and mine alone. I heard

Werre testify here on the stand today that he had written the company one or two letters in relation to the sale of some of the company's machinery, and in relation to acting as agent for the company, and will say that we never received any such letter or letters from Mr. Werre, and if there had been letters written as testified to by Werre, directed to the Northwest Thresher Company, I would have seen them for all the mail with reference to sales goes to me. All the business of the company is divided into departments. I have never received any letter from this plaintiff other than Exhibit G." This testimony denies that the company had possession of the letter in question. The law does not require of a party idle, useless, or unavailing acts. A demand for this letter, however seasonably made, would have been unavailing under this testimony. Where a party denies possession a demand of him is unnecessary. Jones, Ev. § 225; Briggs v. Hervey, 130 Mass. 186.

[5-7] It is also contended by appellant that there is no sufficient evidence to show that appellant had any knowledge that plaintiff was performing said services for it, until long after the time when such services are claimed to have been performed. We are of the opinion this contention is without merit. A point at issue in the trial of a cause may be established to the satisfaction of a jury by circumstantial evidence as well as by direct assertion of a witness; and a jury has the right in weighing testimony and giving credence to witnesses, to consider the assertions of a witness in the light of surrounding circumstances. The plaintiff asserts that he wrote a letter and properly mailed the same to defendant, addressed to defendant at its home office at Stillwater, Minn., asking for such employment. The witness Englin asserts that no such letter was received by defendant; that if any such letter had been received at the home office he would have seen it; that he had charge of the sales department and control of the traveling salesmen. The fact that the traveling salesman Brown, who was under the control and direction of Englin, within a few days after the time when plaintiff claims to have written this letter to defendant at the home office, appeared at Greenway and sought out plaintiff, and entered into a contract with him upon the blanks

of defendant, is a very strong circumstance tending to corroborate plaintiff, and one which the jury had the right to take into consideration in determining whether or not defendant at its home office had knowledge of the employment of plaintiff. If Brown was sent to Greenway by the defendant, as a result of plaintiff's letter, which defendant now claims it never received; if Brown went there as a representative of the company, as a consequence of the letter written by plaintiff to defendant, as the circumstances would reasonably seem to indicate—then the company was bound by the knowledge of Brown, whether he ever reported his knowledge to the company or not. Plaintiff called as a witness one of the purchasers of said threshing rig, one Heiser, who testified that when at Stillwater when the sale was being finally closed the defendant was informed that the sale was made by the plaintiff. This witness then testified that he heard the information given to defendant, and then afterwards on cross-examination said that while he was present and heard what was said, not being able to understand the English language perfectly, his companion afterwards told him what the conversation was in defendant's office, and again on redirect examination he testified that he understood that part of the conversation which informed defendant that the sale had been made by plaintiff. While the testimony of this witness is uncertain and wavering and unsatisfactory, possibly on account of his not being able to well understand or speak the English language, and gave his testimony through an interpreter, still, we are of the opinion that the trial court committed no error in refusing to strike out the testimony of said witness, but properly submitted the same to the jury for them to say what weight and credence should be given thereto. We are therefore of the opinion there was sufficient evidence to warrant the jury in finding that defendant had knowledge that plaintiff was performing such services, and had made said saile prior to the time defendant finally closed said transaction with the purchasers.

Many errors are assigned as to the reception and rejection of testimony, and also as to the instructions of the court, but careful examination of each thereof satisfies us that no reversible error exists therein.

Finding no error in the record, the judgment of the circuit court is affirmed.