MARY FLETCHER HOSPITAL *v.* CITY OF BARRE.

(94 A2d 226)

November Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed January 6, 1953.

*John Molla* for the defendant.

*Myron Samuelson, A. Pearley Feen* and *Paul D. Sheehey* for the plaintiff.

JEFFORDS, J. This is an action of contract to recover for expenses incurred in·the care and treatment of one Micheli. It was brought under P. L. 3926 as amended by No. 52 of the Acts of 1945. The trial was by the court with a resulting judgment for the plaintiff. The case is here on various exceptions of the defendant.

The material portion of No. 52 is as follows:

"If a transient person suddenly taken sick or lame, or otherwise disabled, while in such condition, is sent or taken from the town where such transient person is

so sick, lame or otherwise disabled, to another town for the purpose of entering a hospital therein for care and treatment for such condition, the town from which such transient person was sent or taken to such hospital, shall be at the expense of providing for his necessary care and treatment therein, upon notice by such hospital to the overseer of the poor of such town."

The first of the exceptions relates to the admission of a copy of the claimed notice from the plaintiff to the defendant. The ground of the exception was that no proper foundation was laid for the introduction of secondary evidence. The reasons advanced in its brief by the defendant in support of this claim of error may be classed as follows: (1) that the envelope containing the notice was not properly addressed and (2) that no demand was made on the defendant to produce the original.

The defendant says that there was no evidence that the envelope was addressed to the "Overseer of the Poor, City of Barre." This is not so as a witness testified that the original was mailed to such an address. This evidence was received subject to the exception of the defendant. As this exception is not briefed it is waived and the evidence stands as though not objected to. We could overrule this ground of the exception for this reason but inasmuch as the court found that the original notice was mailed to the "Overseer of the Poor, Barre, Vermont," we pass to the question of whether this address was sufficient to raise the presumption of receipt by the overseer of the city of Barre, this question being raised several times by other exceptions of the defendant.

The defendant recognizes the rule laid down in *Barnet* v. *Norton,* 90 Vt 544, 550, 99 A 238, to the effect that when a letter, properly addressed, is mailed there is a presumption of its receipt in due course. It seeks to avoid the application of this rule because of its claim of a faulty address in that the letter was addressed merely to the Overseer of the Poor of Barre. It says that as there is in this state a town of Barre as well as a city of that name it is possible that the overseer of that town may have received the notice.

The facts here are similar to those in the Barnet case. In that case a question was raised as to the sufficiency of the address on the envelope in which the notice was sent because it was directed to the

"Overseer of the Poor of the Town of Norton" without giving the name of that official. It was stated, in effect, that the presumption of receipt might be weakened by such an address, but it is raised. In the present case the envelope was addressed merely to the Overseer of the Poor so in that respect the facts in the two cases are the same. The question is, then, whether the fact that there is a town named Barre in this state as well as a city of that name destroys any presumption that the notice was received by the overseer of the poor of the city. In our opinion the question must be answered in the negative. There are several towns in Vermont which have the same names as do certain cities. It is common knowledge that it is the usual, and almost without exception the uniform practice, to address a letter to, for instance, John Smith, a resident of the city of Rutland, merely to John Smith, Rutland, Vermont, although there is a town of Rutland. There can be no real doubt that the letter would be delivered to and received by John Smith of that city although there was a John Smith at that time residing in the town of Rutland. As applied to the present case, although it is possible, as claimed by the defendant, that the notice in question was received by the overseer of poor of the town of Barre, the probabilities are that it was received by the overseer of the defendant city since the Barre post office is in the city of Barre. Here the presumption of receipt may be weakened by such an address but in our opinion it is raised. As in the Barnet case, the presumption is strengthened by the fact that the envelope bore the sender's return card and never came back. There was evidence that the notice was mailed and this implies that the envelope bore the required postage and that it was deposited in the post office. Barnet case.

The claim that demand for the production of the original notice was necessary before the copy could be introduced in evidence is also without merit here. At the time the copy was offered the court asked the attorney for the defendant, "Do you have the original?" The answer was "We don't have the original." In view of this statement by counsel for the defendant a demand for the production of the original would have been a useless act which the law does not require. *Kohl* v. *Bradley,* 130 Wis 301, 110 NW 265; *Dold* v. *Munsor,* 107 Neb 501, 186 NW 353; *Nichols* v. *Marshall,* 28 SD 182, 132 NW 791; *Werre* v. *Northwest'Thresher Co.,* 27 SD 486, 131 NW 721; *Gen. Motors Acceptance Corp.* v. *Am. Ins. Co.,* 50 F2d 803; *Briggs* v. *Hervey,* 130 Mass 186; *Roberts* v.

*Spencer,* 123 Mass 397; *National Live Stock Ins. Co.* v. *Wolfe,* 59 Ind App 418, 106 NE 390; 32 CJS 779.

The cases relied upon by the defendant in support of its claim of the necessity of a demand are not in point. They have to do with situations where the documents in question were in possession of, or available to, the party seeking to use them. In such cases before secondary evidence can be introduced of their contents it must be shown that they have been lost or are otherwise unavailable and that a diligent search has been made for them.

There was no error in the admission of the copy of the notice.

The defendant has briefed several exceptions relating to the court's failure to find as requested. The first two have to do with requests to find that there was no evidence that Micheli was sent or brought from the city of Barre to Burlington for the purpose of entering the plaintiff hospital. There was evidence to warrant the denial of these requests from the witness Clement and the admission sheet of the hospital, plaintiff's exhibit 1.

Several requests were made and denied pointing out claimed defects in the notice. The defect here relied upon is the lack of any statement in the notice that Micheli was sent or taken from the defendant city to Burlington for the purpose of entering the plaintiff hospital. The claim is made that for all that appears in the notice he could have been "sent or taken" from any other town and demand made upon the City of Barre for payment.

True it is that it is not stated in the notice that Micheli was sent or taken from the city of Barre. The notice does state that Amerigo Micheli of 160 N. Seminary St., Barre, Vt., has applied to the hospital for medical care and support and that the hospital is furnishing such care and support and will look to the city of Barre to pay for all expenses incurred from such care and treatment.

By the amendment of No. 52 of the Acts of 1945 the recovery by hospitals for the expense incurred in the care and treatment of transient persons was for the first time specifically provided for by statute. The requirement of notice from the hospital to the pauper's town is merely "upon notice." By § 2 of No. 52, P. L. 3927 was amended. This section related to notice to be given by the overseer of the poor of the *town* furnishing assistance to the overseer of the town of the person's residence. This notice both in § 3927 and in the amendment thereto was required to be "of the condition of the person receiving assistance."

If it should be argued that the Legislature intended the words "upon notice" to mean notice of the condition of the person required of an overseer of a town and this argument were to be held valid the defendant here would gain nothing in support of its claim now under consideration. But, as we shall see, this would not be a valid argument.

By P. L. 3926 if a transient person was suddenly taken sick, etc. and confined to a house and was in need of relief the person of the house was put to the expense of relief of the transient until he represented the latter's situation to the overseer of the poor of the town. In the case of *St. Albans Hospital* v. *City of St. Albans,* 107 Vt 59, 62, 176 A 302, the word "house" as used in the statute was construed to include a hospital.

After the amendment of 1945 there was a revision of the statutes in 1947. By § 7112 of this revision a hospital was expressly made liable along with a householder for the expense of relief of a transient person "until notice of the situation of such person is given to the overseer of the poor of the town." It is also provided in the case of a hospital in a town other than the town from which the transient *came,* "until such notice is given to the overseer of the latter town."

It is important to note that in the Revision, liability is fastened on a town from which the transient *came* after notice of the situation to the town. The words "sent or taken" found in the amendment are omitted. From the St. Albans Hospital case, *supra,* it is apparent that the Legislature intended that all transients, however they came from another town or city to a hospital, should be taken care of and that after notice of the situation of the transient had been given to such town or city the latter had to bear the expense of the care.

We can think of no good reason for holding that the Legislature intended by the amendment of 1945 to make as a condition precedent for recovery by a hospital that a transient must be shown to have been "sent or taken" from the town or city to be charged. It is more reasonable to believe that the Legislature by using these quoted words merely intended them as descriptive of the ways in which a transient usually came from one town to another and that it did not intend that town in which he was suddenly taken sick, etc. could escape liability for his care because he came to the hospital by means other than by being sent or taken from that town. Certainly it was not intended that the notice in order to be valid

must contain the statement that he was sent or taken. We believe and so hold that the words "upon notice" used in the amendment meant, at the most, notice of the situation of the transient person as required by P. L. 3926 and § 7112 of the 1947 Revision. In our discussion of this question we have confined ourselves to the claim made of the invalidity of the notice. We hold as against that claim the notice was valid.

The defendant requested a finding to the effect that the copy of notice was invalid because it was so vague and illegible that it did not constitute a notification within the meaning of the statute. The only ground not heretofore answered which is presented in support of the claim of error in refusing to grant this request goes to the claim that the copy received in evidence was so illegible as to be meaningless.

It is true that the copy was a very poor one apparently due to the fact that it was not accurately placed in the typewriter in relation to the original. It was not as bad, however, as the defendant claims. The trial court properly was able to make an accurate construction or interpretation of it in finding No. 5.

We have now disposed of all the claims of error which have been presented in respect to the failure of the court to grant the requests of the defendant, several of these claims applying to more than one request.

Several exceptions were taken to the findings as made. The most important grounds of these exceptions have already been disposed of adversely to the defendant. The remaining grounds have to do with the claim in general of lack of supporting evidence for several of the findings or some deficiency in the evidence. These claims relate especially to findings 1, 2 and 3. There is no need to discuss these grounds. It is sufficient to say that either the claims made by the defendant are not borne out by the transcript, or that there was evidence which though objected to, the exception is not briefed, or any motion made to strike the claimed improper evidence, or that the claims here made are not sufficiently briefed to warrant attention.

The defendant took an exception to the judgment. This exception raises only the question of whether the judgment is supported by the facts found. *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628. In support of this exception the defendant merely reiterates

claimed grounds of error in support of its other exceptions which have been disposed of.

*Judgment affirmed.*