CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION,
APPELLEE, V. MJM, INC., A NEBRASKA CORPORATION, AND REALTY
TRUST GROUP, INC., A DELAWARE CORPORATION, APPELLANTS.

618 N.W.2d 710

Filed October 24, 2000.    No. A-00-080.

John D. Rouse for appellant MJM, Inc.

Margaret M. Blatchford, Assistant Lincoln City Attorney, for appellee.

IRWIN, Chief Judge, and HANNON and SIEVERS, Judges.

HANNON, Judge.

## INTRODUCTION

To perfect an appeal to the district court from an award of appraisers in a condemnation proceeding, Neb. Rev. Stat.

§ 76-715.01 (Reissue 1996) requires, inter alia, the party taking the appeal to serve a copy of the notice of appeal upon the parties bound by the award or upon their attorney of record. The sole issue of this appeal is whether a notice was inadequate to perfect an appeal solely because the address contained "County Attorney's Office" rather than "City Attorney's Office." We conclude that under the evidence in this case, the address was adequate, and therefore we reverse the trial court's order of dismissal and remand the cause with directions.

## BACKGROUND

The City of Lincoln (City) petitioned the county court for Lancaster County for the appointment of a board of appraisers relating to eminent domain proceedings against property owned by MJM, Inc., and Realty Trust Group, Inc. (collectively MJM), and others. The petition was filed on behalf of the City by Dana W. Roper, city attorney, and Margaret M. Blatchford, assistant city attorney. It is signed by Blatchford, and under her signature, her name and Nebraska State Bar Association number are typed, followed by "Assistant City Attorney 555 South 10th Street Lincoln, NE 68508."

On September 22, 1999, a board of appraisers filed its report. On October 20, MJM filed a notice of appeal. An attached certificate of service shows that the notice of appeal was "mailed by U.S. mail . . . to Defendant's attorney, **Dana Roper**, Lancaster County Attorney's Office, 555 So. 10th Street, Lincoln, NE 68508 on the 7th day of October, 1999." On that same date, an "Affidavit of Mailing Notice of Appeal From Award Appraisers" was filed which was signed by MJM's attorney, John D. Rouse, and which states that on October 8, Rouse mailed the notice of appeal to "Dana Roper, Lancaster County Attorney's Office, 555 So. 10th Street, Lincoln, Nebraska."

On December 8, 1999, the City filed a motion to dismiss in the district court for Lancaster County, claiming that MJM failed to serve the required copy of the notice of appeal on the City within 30 days of the filing of the award, upon the basis that the address on the notice of appeal was incorrect. At the hearing on the motion, the City argued that listing the Lancaster County Attorney's office as a part of the address was incorrect in that

Roper is the city attorney, not the county attorney. The district court granted the City's motion, stating that the building at 555 South 10th Street is known as the Justice and Law Enforcement Center and contains a number of offices and that the designation Lancaster County Attorney's office directs mail to such office. The court further held that MJM did not comply with Neb. Rev. Stat. § 76-715 (Reissue 1996) or § 76-715.01, that notice should have been served on the City, and that therefore, the court did not have subject matter jurisdiction.

## ASSIGNMENT OF ERROR

MJM appeals, alleging that the district court erred in granting the City's motion to dismiss on the basis that the court was without jurisdiction.

## STANDARD OF REVIEW

In an appeal from an award of appraisers in a condemnation proceeding, the filing and serving of the notice of appeal are jurisdictional. See *Kracman v. Nebraska P. P. Dist.*, 197 Neb. 301, 248 N.W.2d 751 (1976). The question raised by the motion to dismiss is whether the district court did not acquire jurisdiction because the notice of appeal was not adequately served. A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law. *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State ex rel. City of Alma v. Furnas Cty. Farms*, 257 Neb. 189, 595 N.W.2d 551 (1999); *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). The record in this case does not present any issues of fact.

## ANALYSIS

Section 76-715.01 provides in significant part:

The party appealing . . . in any eminent domain action shall, within thirty days of the filing of the award, file a notice of appeal with the court, specifying the parties taking the appeal and the award thereof appealed from, and shall serve a copy of the same upon all parties bound by the award or upon their attorneys of record. Service may be

made by mail, and proof of such service shall be made by an affidavit of the appellant filed with the court within five days after the filing of the notice stating that such notice was duly mailed.

Neb. Rev. Stat. § 25-534 (Reissue 1995) provides the procedures for properly serving an attorney. According to that provision:

Whenever in any action or proceeding, any order, motion, notice, or other document, except a summons, is required . . . to be served upon or given to any party represented by an attorney whose appearance has been noted on the record . . . such service or notice may be made upon or given to such attorney . . . by delivering a copy to him or her or by mailing it to him or her.

. . . .

Every . . . attorney appearing in an action . . . shall designate on the record an address to which mail addressed to such . . . attorney may be sent. Service by mail shall be by ordinary first-class. mail addressed to such designated address, or if none is so designated, to the last-known address of such . . . attorney.

■ We note that the City did not rely upon the fact that Blatchford, the assistant city attorney who actually signed the petition, was not served. We understand the law has long been that where there are two attorneys of record,.service upon one of them is adequate. See *Comstock v. Cole*, 28 Neb. 470, 44 N.W. 487 (1890).

Neither party offered any evidence at the hearing in district court. The trial court was asked to and did take judicial notice of the file. The judge elicited an admission from both parties' attorneys at the hearing on the motion to dismiss that the notice was mailed to "Dana Roper, Lancaster County Attorney[']s Office, 555 South 10th Street."

■ At the end of the hearing, without any evidence, the judge stated:

555 South 10th Street is what is now known as the Justice Center — Justice and Law Enforcement Center, and contains a number of offices . . . . [T]o send it to that building, and then the next thing one looks for is where in that build-

ing, and it directs them to the Lancaster County Attorney[']s Office. This is a City Attorney matter and it should have been served on them, it was not, therefore, the Court does not have subject matter jurisdiction.

To the extent this statement contains factual information as opposed to the trial judge's reasoning, it must be ignored, because a judge cannot be a witness. See, Neb. Rev. Stat. § 27-605 (Reissue 1995); *State v. Rodriguez*, 244 Neb. 707, 509 N.W.2d 1 (1993) (holding that judge presiding at trial may not testify in that trial as witness).

■ Both parties' attorneys stated facts as though they were testifying and then argued based on these assertions. As an example, the City's attorney argued that the notice "must have gone to the wrong address" and that the City did not receive a copy of the notice. MJM's attorney asserted that he contacted the Lancaster County Attorney's office and that persons there "indicated" to him that if that office receives mail for Roper or any other attorney that has been incorrectly mailed, such mail is then delivered to the city attorney's office. Such unsupported assertions of facts by an attorney during court proceedings do not establish the facts asserted unless the appropriate parties stipulate to such facts. *Schroeder v. Barnes*, 5 Neb. App. 811, 565 N.W.2d 749 (1997); *In re Interest of Amanda H.*, 4 Neb. App. 293, 542 N.W.2d 79 (1996).

In the order, the judge concluded that mail is distributed at the 555 South 10th Street address based upon the office designation; however, we find no evidence to support that determination. We also find no evidence in the record that the placement on the envelope of an improper office designation within the proper building created confusion for the mail carrier or that the mailing did not reach Roper.

We take judicial notice of the pleadings, which designated that the address of one of the attorneys of record for the City was "Dana W. Roper, City Attorney . . . 555 South 10th Street Lincoln, NE 68508." Under §§ 25-534 and 76-715.01, notice to that address would be adequate.

The narrow issue in this case is whether the addition of the wrong office designation to the address makes the address incorrect. We do not know whether the mailing was actually received.

There is no evidence concerning the method used for the distribution of mail at 555 South 10th Street, whether the error was significant or insignificant, and whether the addition of the wrong office designation makes the mailing less likely to reach Roper.

We therefore are confronted with a record which shows only that the notice was mailed to the address shown in that file and that the notice included an office designation which was incorrect, but the record does not show that such is of consequence.

■ A letter duly addressed, stamped, and mailed is presumed to have reached the addressee in the usual course of the mails. *National Masonic Accident Ass'n v. Burr*, 57 Neb. 437, 77 N.W. 1098 (1899).

■ The Nebraska Supreme Court has quoted a case from another jurisdiction as follows: "'Unless a letter is correctly addressed to the street, number and city in which the addressee lives, the usual presumption that it was received will not be entertained.'" (Emphasis omitted.) *Waite Lumber Co., Inc. v. Carpenter*, 205 Neb. 860, 863, 290 N.W.2d 655, 657 (1980), quoting *Baltimore & O. R. Co. v. Reaux*, 59 F. Supp. 969 (N.D. Ohio 1945).

■ Black's Law Dictionary 38 (6th ed. 1990) defines the term "address" as a "[p]lace where mail or other communications will reach a person." If "address" is deemed the place where mail will reach a person, then an envelope listing the proper attorney's name accompanied by the correct street address is a properly addressed envelope despite the fact that the office designation is incorrect.

■ Where an addressee is a well-known public entity or business, a more general and less definite address or designation has been required. See, e.g., *American Surety Co. v. Blake*, 54 Idaho 1, 27 P.2d 972 (1933); *Town of Barnet v. Town of Norton*, 90 Vt. 544, 99 A. 238 (1916). Where an address is slightly incorrect, most courts hold that the presumption that the document has reached the addressee is weakened, but still raised. See, e.g., *Mary Fletcher Hospital v. City of Barre*, 117 Vt. 430, 94 A.2d 226 (1953); *Womack v. United States Fidelity & Guaranty Co.*, 85 Ga. App. 564, 69 S.E.2d 812 (1952).

■ In the present case, the mailing had at least the name, street number, and city correct, and therefore the presumption

that it was received was raised. Absent any evidence showing that the addition of the wrong office designation caused the mailing to not reach Roper or made it less likely to reach him, we believe the presumption was not overcome, making it error to grant the motion.

Accordingly, we reverse, and remand with directions to proceed with the appeal.

REVERSED AND REMANDED WITH DIRECTIONS.