VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-00859



Patriot Mutual Insurance Company
a/s/o Britton Herring
      Plaintiff

v.

Gregory Welch
      Defendant

<u>Decision on Motion for Default Judgment</u>

Plaintiff Patriot Mutual Insurance Company alleges that, on January 14, 2023, defendant Gregory Welch drove a motor vehicle on a public highway while under the influence of alcohol and crashed the vehicle into a house owned by insured Britton Herring. Mr. Herring made a claim under his homeowner's insurance policy, which was paid. Plaintiff now seeks recovery from defendant in the amount it paid to its insured.

Plaintiff filed this complaint and followed Vermont's substituted-service procedures, which allow service in any civil action arising out of "any accident or collision" to be made by (1) leaving a copy of the summons and the complaint with the commissioner of the Department of Motor Vehicles, (2) sending a copy of the process to the defendant "by registered or certified mail," and (3) filing an affidavit of compliance with the court. 12 V.S.A. §§ 891–92. Plaintiff's affidavit of compliance, however, says only that the certified mail was sent. No return receipt is appended to the affidavit, and the affidavit does not explain whether the certified mail was delivered or returned as undeliverable. At issue is whether the court may approve plaintiff's motion for default judgment under these circumstances.

In an earlier era, parties had no power to serve process upon defendants who were not within the state at the time service was made. *Pennoyer v. Neff*, 95 U.S. 714, 720 (1878); *Price v. Hickock*, 39 Vt. 292, 296 (1866). After the advent of interstate travel, it became apparent that a method was needed to facilitate the imposition of financial liability upon nonresidents who became involved in automobile collisions within the state. *Kane v. New Jersey*, 242 U.S. 160, 166–67 (1916). A number of states thereafter adopted statutes appointing a state official (e.g., the secretary of state or the state commissioner of motor vehicles) as an agent to receive service on behalf of non-resident automobile operators with respect to lawsuits arising out of their operation of an automobile within the state. *Hess v. Pawloski*, 274 U.S. 352, 355–56 (1927). Vermont adopted its first version of such a statute during this era. See *Brammall v. LaRose*, 105 Vt. 345, 348–49 (1933) (describing the 1925 adoption of an act providing for service of process upon nonresident motorists).

A series of early cases established the constitutionality of this arrangement, so long as the appointment of the in-state agent was paired with a method ensuring that the out-of-state defendant received notice of the lawsuit. A Massachusetts statute was deemed constitutional, for example, where it required the plaintiff to serve a copy of the materials upon the in-state agent and also to send a copy of the summons and complaint to the defendant by registered mail, with return receipt requested. *Hess*, 274 U.S. at 354, 356. A New Jersey statute was deemed unconstitutional, by contrast, where it did not provide for any communication to be sent to the nonresident operator by mail or otherwise. *Wuchter v. Pizzutti*, 276 U.S. 13, 18–19 (1928). Subsequent cases synthesized the concern as whether the defendant had received "notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Vermont's current version of the statute was adopted in 1969. As mentioned above, the statute provides that any motorist who operates a motor vehicle upon a Vermont highway accepts the appointment of the DMV Commissioner as an agent "upon whom may be served all lawful processes in any action or proceeding against such person" arising out of "any accident or collision" in which the person was involved while operating a motor vehicle within the state. 12 V.S.A. § 891. It further provides that the plaintiff must (1) serve process upon the commissioner, (2) send a copy of the summons and complaint and proof of service to the defendant "by registered or certified mail," and (3) file an affidavit of compliance with the court. 12 V.S.A. § 892(a). Vermont's statute does not specify what the affidavit of compliance must say about whether the registered or certified mail was delivered or returned as undeliverable, or whether the affidavit must be accompanied by the return receipt.

In 1970, one year after the current statute was adopted, Judge Oakes was confronted with a case in which a plaintiff made service upon the commissioner and then sent registered letters to the defendant with a return receipt requested. The letters were returned to the plaintiff as undeliverable. After the lawsuit was subsequently filed, Judge Oakes observed that the text of the Vermont statute referenced only whether the registered mail was "sent" to the defendant, and did not contain any provisions about whether the registered mail was "delivered" to the defendant. Although Judge Oakes' case did not require him to confront the issue (because notice of the lawsuit was provided by other means), Judge Oakes questioned whether this arrangement would be constitutional in a case where the registered mail was returned as undelivered, and no other arrangements had been made. *Proulx v. Goulet*, 315 F. Supp. 622, 623–24 (D. Vt. 1970).

Judge Oakes' concerns were later endorsed in a different context by both the Supreme Court of the United States and the Vermont Supreme Court, which have now both held that due-process values are not fulfilled by the mere sending of registered or certified mail that is returned as unclaimed. *Jones v. Flowers*, 547 U.S. 220, 230 (2006); *Hogaboom v. Jenkins*, 2014 VT 11, ¶¶ 16–18, 196 Vt. 18; accord *Gray-Quintin v. Town of Williamstown*, No. 232-10-10 Oecv, 2012 WL 1670548 (Vt. Super. Ct. Apr. 17, 2012) (Eaton, J.); *Gray-Quintin v. Town of Williamstown*, No. 232-10-10 Oecv, 2012 WL 1670547 (Vt. Super. Ct. Feb. 6, 2012) (Eaton, J.). In situations where notice depends upon the sending of registered or certified mail, and the mail is returned as unclaimed, a plaintiff must take "additional reasonable steps" to provide the defendant with notice. *Jones*, 547 U.S. at 230; *Hogaboom*, 2014 VT 11, ¶ 17.

In this case, plaintiff's affidavit of compliance does not include information about whether the certified mail was delivered or returned unclaimed. Plaintiff's affidavit establishes only that plaintiff served process upon the commissioner, and that plaintiff thereafter sent the required materials to defendant "by certified mail." In the court's view, this information alone is insufficient to meet the constitutional expectations of *Wuchter*, 276 U.S. at 18–19, *Jones*, 547 U.S. at 230, and *Hogaboom*, 2014 VT 11, ¶ 17, at least to the extent that it leaves unanswered the question of whether the certified mail was returned as undelivered. If the mail was indeed returned as undelivered, some "additional reasonable steps" would need to be undertaken in order to satisfy due-process values of notice.* *Jones*, 547 U.S. at 230.

An additional consideration is whether due process requires a return receipt, or whether due process is satisfied by an averment that the certified mail was not returned as undelivered. Generally, certified mail is not delivered unless the recipient is willing to sign for it, so there is some evidentiary value in the presumption that certified mail was delivered if it was addressed correctly and not returned as undelivered, e.g., *Mary Fletcher Hospital v. City of Barre*, 117 Vt. 430, 432 (1953); *Town of Barnet v. Town of Norton*, 90 Vt. 544, 550 (1916). But even the postal service acknowledges that there are sometimes flaws in the delivery of certified mail, e.g., Office of Inspector General, *Delivering Peace of Mind: Certified Mail and the U.S. Postal Service*, Report Number RARC-WP-18-002 (Nov. 27, 2017), available at https://www.uspsoig.gov/sites/default/files/reports/2023-01/RARC-WP-18-002.pdf, and in the event of a later motion to set aside, a default judgment based upon this presumption would be susceptible to a claim of nonreceipt. See, e.g., *American Casualty Co. v. Nordic Leasing, Inc.*, 42 F.3d 725, 734 (2d Cir. 1994) (Oakes, J.) (explaining that a presumption of receipt "disappears" upon evidence "that the intended recipient did not actually receive the mailed notice"). As such, while a mere statement about whether the letter was returned as undelivered might satisfy the "duty of communication" referenced by *Wuchter*, 276 U.S. at 19, the strongest basis for determination would involve situations where the plaintiff requested and paid for a copy of the return receipt, and then appended the receipt to the affidavit of compliance; this would show the name and signature of the person receiving the package, and would amount to "the written admission of the defendant" as to receipt of the notice. *Id*.

For these reasons, plaintiff's motion for default judgment is denied. A renewed motion may be resubmitted within 30 days containing information about the return receipt and/or whether the certified mail was returned as undeliverable. If additional time is needed to accomplish additional reasonable steps, a motion for extension of time may be filed within the aforementioned 30 days.

Electronically signed on Monday, August 26, 2024 pursuant to V.R.E.F. 9(d).

Vermont Superior Court
Filed 08/27/24
Windsor Unit

H. Dickson Corbett
Superior Court Judge

---

* In this particular case, the additional reasonable steps would be straightforward to accomplish, because defendant was evidently convicted criminally and sentenced to a term of incarceration arising out of the same incident as this civil lawsuit. A publicly-available database identifies his current whereabouts, and the policy of the Department of Corrections is to facilitate the receipt of certified mail by inmates and the signing of the return receipt. See DOC Policy #409.05, Inmate Mail, Publications, and Audio/Video Regulations (eff. Dec. 6, 2010).